*Noah Hawley* and *R. B. Bates*, for the defendant in error.

---

PHILLIP HEARTT, *defendant below*, vs. DANIEL CHIPMAN *and* ROBERT B. BATES, *plaintiffs below.—IN ERROR.*

An attorney at law has a lien upon the debt which he has prosecuted to judgment for his fees, viz. for the term, attorney and travel fees, and for all monies expended by him in prosecuting the suit.

But although, by the laws of this state, no distinction is made between the office of attorney and counsellor, yet, the extra charges of counsel for argument, &c. are not, by the practice of the court, thus secured.

Although notice by the attorney to the debtor, that he relies upon his lien, may be necessary to secure the attorney against a *bona fide* payment to the creditor; yet, if there be any collusion or design to cheat the attorney of his lien, the debtor will not be protected by a payment to the creditor with such design, though there be no notice.

As between the creditor and his attorney, the money to the amount of the claim of the latter is his, and cannot be assigned by the former. And whoever receives it under an assignment of the judgment, receives it to the use of the attorney, and the attorney may recover it out of his hands, by an action for money had and received.

ERROR from Addison county court. The action below was *assumpsit,* for work and labour, care and diligence, &c. and for money had and received.

Plea, the general issue.

Upon the trial of this cause, after issue joined, the plaintiffs offered in evidence, to support the issue on their part, the following facts, viz. That at the December term of the county court for said county, the plaintiffs were employed by one *Benjamin Heartt*, to commence an action of trespass in the name of *Benjamin* and *Jonas C. Heartt*, against *Elisha Clark* and *Andrew McFarland*. The suit was tried sundry times, and a final judgment obtained by the plaintiffs, at the January term of the supreme court, A. D. 1818, for $443,07, damages, and cost taxed at $93,49. The said suit was conducted by the plaintiffs, in conjunction with *Horatio Seymour, Esq.* who was originally associated with them as counsel.

Addison,
January,
1827.

Heartt
vs.
Chipman,
et al.

In November, 1815, a settlement took place between the plaintiffs and the said *Benjamin Heartt*, and the charges which had then been made in the prosecution of said suit thus far, were paid by the said *Benjamin ;* but the following charges to wit :----

| | |
|---|---|
| Tm. fee in said cause, Jan. term, 1816, | $6 00 |
| Tm. fee and arguing, July, 1816, | 12 00 |
| Tm. fee and attorney fees, July, 1817, | 12 00 |
| Tm. and attorney fee, Jan. 1818, | 12 00 |

Amounting to $42 00

were due to the plaintiffs for their services in the said suit, at the conclusion thereof; and the same have never yet been paid to the plaintiffs. That after the said judgment had been obtained, the said *Benjaminn Heartt* assigned the said judgment to *Phillip Heartt,* (the defendant below,) in part satisfaction of demands which the said *Phillip* had against the said *Benjamin.* And the said *Phillip* put the same into the hands of the said *Seymour,* as *his* attorney, for the purpose of collection; that the said *Seymour* proceeded to collect the said judgment, by suit against the bail of said *Clark & McFarland,* and in November, 1819, received the full amount thereof, and transmitted to the defendant, $430, part thereof. That the plaintiffs had, in one or two instances, during the period of the proceedings against the bail by the said *Seymour,* (but the precise time did not appear,) mentioned to said *Seymour,* that their charges in said suit had not been paid, and that they ought to be paid out of the avails of said judgment, and wished him to let them know whether the said judgment was collected, but did not give the said *Seymour* to understand whether they expected him to write to the defendant, or whether they would do it themselves. That the said *Benjamin Heartt* had become insolvent before the conclusion of said suit, to wit. in February, 1816, and that the defendant had knowledge of his insolvency. And the plaintiffs thereupon contended, that they had a lien on the said judgment for their charges abovementioned. To this evidence the defendant objected, and contended, that the plaintiffs had no such lien : but the court overruled the objection, and admitted the evidence.

The defendant then gave evidence, to wit. the deposition of *Benjamin Heartt,* who testified, that the said judgment was assigned to the said *Phillip* for a valuable consideration, as he was then indebted to the said *Phillip* to a large amount. The plaintiffs afterwards introduced evidence, tending to impeach the general character of the said *Benjamin* for truth and veracity.

The defendant then offered the testimony of *Samuel Swift,* to prove, that at a court of jail delivery, held before him upon the application of the said *Benjamin,* to be admitted to the poor debtor's oath, in November, 1818, *Benjamin Heartt, Phillip Heartt* and *Daniel Chipman,* one of the plaintiffs, were present,

*Addison,*
January,
1827.

Heartt
*vs.*
Chipman,
*et al.*

and that an account current between the said *Phillip* and *Ben-jamin* was presented, embracing a miscellaneous and extensive deal between them for a number of years; and stating a large balance to be due to the said *Phillip.*    That the said *Benjamin* and *Phillip* being both examined under oath, agreed in stating that they had previously adjusted their deal, and that the balance then stated to be due had been assented to by both. That the claims of the said *Phillip* consisted partly of securities for money, and partly of charges for goods had from the said *Phillip's* store, and that the vouchers, so far as vouchers were necessary, were produced ; and that the judgment assigned to the said *Phillip* as aforesaid, was credited in the said account.

To this evidence the plaintiff objected, and the same was rejected by the court.

Whereupon the counsel for the defendant requested the court to charge the jury,

1st. That inasmuch as the claim of the plaintiffs was for *counsel fees* only, they had no lien on the judgment for the same.

2dly. That if such a lien did exist, yet, if the plaintiffs, with knowledge of the assignment, parted with the control of said judgment, either to the said *Phillip* or his attorney, they waived their lien.

3dly. That, at all events, it was necessary for the plaintiffs to give notice to the defendant of their lien, immediately upon their having knowledge of the said assignment, and that this notice must be not only, that their charges were unpaid, but an explicit notice of their intention to assert their lien ; otherwise that the plaintiffs could not recover.

4thly. That if they found, that the plaintiffs had given such notice to *Mr. Seymour* as would protect their lien, and had given none to the defendant personally, and that if *Mr. Seymour* had retained enough to satisfy the plaintiffs' claim, they should consider that *Mr. Seymour* had retained it as the agent of the plaintiffs, and that the defendant would not be liable in this action.

But the court charged the jury, that an attorney has a lien for his costs upon a judgment recovered by him for his client. That there is no distinction in this state between an attorney and a counsellor, and that an attorney who commences a suit has a lien upon the judgment for monies advanced and for services rendered, whenever the services are necessary to the prosecution of the suit.    And further, that if the defendant had notice of the plaintiffs' claim, either at the time of taking the assignment, or at any time before he received the money, he is liable to the plaintiffs.    That if the plaintiffs gave up the papers which evidenced the claim against *Clark and others*, they did not thereby waive their lien on the judgment.

Whereupon the defendant excepted, and prayed the court that his said exceptions, and the matters and things aforesaid migh be entered of record, and made a part of the same.

*Addison,*
January,
1827.

Heartt
*vs.*
Chipman,
*et al.*

These exceptions being allowed, and made a part of the record, the present writ of error was brought, containing the following assignment of errors:

And the said *Phillip* in fact saith, that in the record and proceedings aforesaid, and also in the giving judgment aforesaid there is manifest error in this, to wit: that the evidence offered by the said *Chipman* and *Bates*, in support of their said action, and objected to by the said *Phillip*, as above recited, was not legal ʻand proper evidence in support of said action, and ought not to have been received by said court.

There is error also, in that the charge of the court to the jury as above set forth, is contrary to the law of the land. And also in this, that the said court omitted to charge the jury as requested by the defendant's counsel, as before mentioned, when it was their duty so to do. And also in this, there is error, that the judgment aforesaid, so given in form as aforesaid, for the said *Chipman* and *Bates*, ought, by the laws of this state, to have been given for the said *Phillip* against the said *Chipman & Bates.* And the said *Phillip* prays, that the judgment aforesaid, for the errors aforesaid, and the other errors appearing in the said record and proceedings, may be reversed, &c.

The cause was argued at the last term, by *Phelps* for the plaintiff in error, and by *Bates* for the defendants in error, and was again argued the present term, by *Phelps* for the plaintiff, and *Geo. Chipman*, for the defendants in error.

SKINNER, Ch. J. delivered the opinion of the court.

The lien which the law recognises is, as contended by the defendant's counsel, confined to attorney fees; and although by the law of this state, no distinction is made between the office of attorney and counsellor, they being regarded as the same, yet the extra fees of counsel for argument, &c. are not, by the practice of the court, thus secured. The rule, as adopted in the English courts, as also in the courts of the neighbouring states, has obtained in this state. 1 *Bac. Abr.* title attorney, letter E.—5 *Taunt.* 429.—5 *Bos. & Puller* 100.—3 *Barnwell & Cresswell*, 535.—6 *Term Rep.* 436.—15 *Johns.* 405.

The defendant contends, that the fees charged by the plaintiffs are exclusively counsel fees; that the amount thereof is governed by no rule of law, and consequently, no lien will attach. It appears from the case, that the plaintiffs were the original attorneys in the suit against *Clark* and *McFarland*, and continued to prosecute until final judgment; and it cannot be material whether the fees as counsel and attorney are united in one general charge or not. The plaintiffs were, as against *Benjamin Heartt*, entitled to a lien upon the judgment to the amount of such fees as are allowed by law to the party for his term, travel and attorney fee, and for all monies expended in prosecuting the suit.

It is insisted, that if the assignment was made *bona fide*, without any collusion or design to defraud, and without notice from the attorney, of his claim, it is valid, and the lien is gone.

*Addison,*
*January,*
*1827.*

Heartt
*vs.*
Chipman,
*et al.*

The cases cited in support of this principle are none of them cases in which an assignee of the judgment was concerned, but are cases of payment made by the debtor to the creditor himself.

The law is, that although there is no notice from the attorney to the debtor, that he relies upon the judgment, if there is any collusion or design to cheat the attorney of his lien, the debtor is not protected by payment to the creditor. If it is necessary for the security of the attorney, as against the debtor, to give notice to him of his lien, this may be done with convenience, as the attorney must know who the debtor is; but it is apparent, in case the debt is assigned, he may not, and most likely cannot, know who the assignee is. It is more reasonable to require the assignee, who takes the demand subject to the same equity, and in no better condition than it was in the assignor's hands, and who knows, or is presumed to know, the law as to the attorney's lien, to make the necessary inquiry before he takes the assignment of a judgment; and notice to him from the attorney, which must frequently be impracticable, is not necessary. The attorney has a lien upon the debt, while the money remains in the hands of the debtor; and although it may be necessary to guard against a *bona fide* payment over to the creditor, and to establish the right against the debtor, to give notice to the latter conformably to the law, as applicable to the duties and liabilities of an agent holding money in his hands for his principal, to which a third person is entitled, as between the creditor and his attorney, the money to the amount of the claim of the latter is his, and cannot be assigned by the former; and whoever may receive it under an assignment of the judgment, by which he is of course advised of the rights and claims of the attorney, ought in justice to be considered as holding it to his use and for his benefit.

The facts in the case do not warrant the assertion, that *Mr. Seymour* is as well the agent of *Chipman & Bates* as of *Phillip Heartt.* He was not employed or appointed by them to collect or receive the money, and admitting that he would be made liable to the plaintiffs, on being notified of their claim before he had paid the money over to *P. Heartt,* his principal, and admitting that the money is now in his hands, (though, from his deposition, it is evident the fact is otherwise,) the defendant is liable.

It does not follow, that because the agent is liable, the principal is not. Payment to the agent is, in law, payment to the principal, and money in his hands is in the hands of the principal.—1 *Campb.* 337.

That part of the charge which referred to the plaintiffs' having parted with the control of the judgment, and which is noted in the exceptions, is understood not to be questioned at this time. We have noticed the several points in the case, in view of giving a direction to the future proceeding in the county court, to which the cause must be sent for trial. That court

erred in allowing the amount of the plaintiffs' claim, including counsel fees. That to which they are entitled, is term, attorney and travel fees, which are the ordinary fees allowed the attorney as such.

*Addison,*
*January,*
*1826.*

Heartt
*vs.*
Chipman,
*et al.*

Judgment, therfore, that there is error, &c.

<div align="center">Judgment of the county court reversed.</div>

*Samuel S. Phelps,* for the plaintiff in error.

*Geo. Chipman* and *R. B. Bates,* for the defendants in error.

