## THOMAS LAKE *vs.* OLIVER INGHAM.

Where an attorney claims a lien on a judgement for his costs, it is not necessary he should give notice in person to the judgement debtor.   Any notice to him which is of a character to obtain credit in ordinary circumstances, *that the attorney will insist on his lien,* will be sufficient and binding on the debtor, and he will not be protected by a discharge afterwards procured from the judgement creditor.

The facts in this case will sufficiently appear from the following opinion of the Court pronounced by

PADDOCK, J.—This action is predicated upon a judgement which was recovered in Coos county, in the state of N. Hampshire, Nov. 1823, for $82,49 damages, and $142,43 cost; which judgement was afterwards prosecuted in and ruled from this Court to referees in July term, 1829, who have reported that the defendant ought to recover his costs.   To the acceptance of the report the plaintiff by his attorney, *Samuel A. Pearson,* has filed exceptions.   It appears that about the time the judgment was recovered in N. Hampshire, *Pearson* notified *Ingham,* or attempted to establish that fact before the referees, that he should claim a lien on the judgement for his costs in the action ; and that *Ingham* must not pay to *Lake.*   But after the suit was commenced in this county upon the judgement, *Ingham* pleaded several pleas of set-off to the judgement, and also filed a petition in the New-

Essex,
March,
1830.

Lake
vs.
Ingham

Hampshire court, praying for a new trial in the cause. Subsequently the whole controversy in both courts was adjusted and settled between *Lake* and *Ingham*, and a certain sum (but how much does not appear) was paid by *Ingham* to *Lake*. At the trial before the referees, it appears that *Samuel A. Pearson* failed to produce evidence that the notice to *Ingham* of his lien on the judgment for his costs, was given by his *(Pearson's)* direction and request; but it did appear to have been gratuitously given by one John M. Cooper; and because it was not communicated by *Pearson*, nor at his request, the referees decided that it should not have the effect to render inoperative the discharge which *Lake* gave *Ingham*, and that the defendant ought to recover his costs. To the decision of this question, (being the only material exception to the report,) the said *Pearson* excepts.

The Court consider that it was not necessary there should have been a direct communication between the attorney of *Lake* and the defendant *Ingham*, in order to apprize him sufficiently of his intention; but that other evidence, being of such a character as would and ought to obtain credit under ordinary circumstances, would be sufficient and binding upon *Ingham*.—*Abel* vs. *Potts*, 3 *Esp. cases*, 242. And a subsequent settlement with payment to *Lake* and a discharge would not do away *Pearson's* claim, at least, so far as *Ingham* made actual payment to *Lake*. Yet, after receiving such information, lapse of time, without *Pearson's* setting up his claim, or other circumstances, would very much weaken, if not entirely do away, *Ingham's* belief in what Cooper had informed him. The effect of a discharge, so far as there was a consideration for it arising out of the dismissal of the petition for a new trial pending in Coos County, N. H., or the abandoning the pleas of set-off in this suit, provided there should be evidence adduced to prove, or even raise a strong presumption that they were not fictitious, the Court do not mean to decide, but leave that for the consideration of a jury hereafter. The report is not accepted, and the cause must be sent down to the county court.

Report rejected.

*W. Mattocks & Pearson*, for plaintiff.
*J. Mattocks & Cushman*, for defendant.