JESSE PATRICK *v.* FREDERICK HAZEN.

If one party give evidence of the declarations of the opposite party, some part of which make against him, he cannot reject the evidence, but he may show that the declarations are not true in fact.

Where an attorney is sued for money in his hands, upon which he has a lien, he may show that in his defence, under the general issue, and is not obliged to plead his claim in offset.

ASSUMPSIT, for money had and received. Plea—General issue.

Upon the trial in the county court, the plaintiff gave in evidence a statement, in which he made the defendant debtor for moneys collected of one Harry Hill, and credited the defendant for sundry payments, showing a balance in the defendant's hands of about $300, and introduced testimony tending to prove that the defendant had admitted such balance to be correct.

The defendant then read in evidence a letter, dated June 24, 1835, from Joseph Russell, one of the persons interested, and for whose benefit the moneys were collected by the defendant, in which Russell stated the sums paid over by the defendant, and acknowledged that such sums reduced the amount in the defendant's hands to $160. The defendant also offered an account in his favor, for services rendered in collecting the moneys for the plaintiff, which purported to have accrued previous to June 1835, and evidence to sustain the account. To this evidence the plaintiff objected, and, as the defendant had read the letter from said Russell as evidence for him, and there being no plea in offset, the court rejected the evidence. The jury returned a verdict for the plaintiff, and the defendant excepted to the decision of the court, rejecting the evidence by him offered.

Defendant, *pro se.*

An attorney has a lien on all papers in his possession, although his charge is not in the cause for which the papers are delivered. Montague on lien, 61. And his lien extends not only to papers, but to moneys and judgments recovered.

The courts of all countries are inclined to favor the lien of an attorney, as advantageous both to the attorney and his employer, and will not order or compel him to surrender up papers, until his claims are satisfied. 2 Mad. Ch. 576.

If an attorney has a lien on moneys, papers, &c. for mon-

eys paid out and services performed, in prosecuting and defending suits, why should he not have the same lien for all business done, or moneys paid out by him as an attorney, although the charges might not have been taxable as costs ?

G. *Harrington*, for plaintiff.

The defendant, having given in evidence Russell's letter, for the purpose of proving the balance in his hands to be $160, instead of $300, is precluded from showing by other evidence that a less sum was due.

The defendant's claim for services could not be given in evidence, under the general issue. He should have pleaded it in offset, and not having done so, the court below properly rejected the evidence offered to sustain it.

The opinion of the court was delivered by

REDFIELD, J.—It is contended in this case, that the testimony offered in the court below was rightly rejected for two reasons.

1. That it tended to contradict the evidence which defendant had already given of plaintiff's admission.

2. That there was no plea in offset.

The first ground is insufficient for the reason, that, although defendant had proved the admission of the plaintiff in interest, and thereby made it evidence in the case to be weighed by the jury, and although he was bound to take the whole declaration, even where it operated against him, still he was not bound by the admission. He could not reject it, as he could not impeach his own witness, but he might contradict the witness or the admission. It was for the jury finally to determine whether the admission had reference to the deductions of defendant's account or not. They were also to determine upon the whole case, whether the sum stated in the admission of plaintiff, or a less sum, was really due.

The second ground relied upon, is equally unsatisfactory. It is not a case where a plea in offset was ever required. If the claims grew out of the same transaction, and were connected, the law only implies a promise to pay the balance. And in the case of mutual accounts, the plaintiff cannot sue for any single item of the account, but only for the balance, 1 Swift's Dig. 713. *Mc Lean* v. *Mc Lean*, 1 Conn. R. 397. *Gunn* v. *Scovil*, reported in note to the last case.

The case of an attorney's lien is a very strong case. If

the plaintiff bring an action for money had and received, as in the present case, and the lien extend to the whole money, it could hardly be pretended that he could recover. The defendant would, in that case, have no money in his hands, belonging to the plaintiff, and, in the present case, the plaintiff is entitled in equity and good conscience to recover only the balance of the money, after deducting the defendant's lien for his services, that being the amount of plaintiff's money in defendant's hands.

The judgment of the County Court is reversed and a new trial granted.