# ORANGE COUNTY.

### MARCH TERM, 1843.

*Present,* Hon. CHARLES K. WILLIAMS, *Chief Justice.*
    "   STEPHEN ROYCE,        }
    "   ISAAC F. REDFIELD,    }  *Assistant Justices.*
    "   MILO L. BENNETT.      }

---

HUTCHINSON & BUCHANNAN *v.* AMOS HOWARD, *principal,* JACOB KENT, Jr., *trustee,* and ELIJAH FARR, *claimant.*

The attorney has a lien upon an award of arbitrators, where a pending suit is referred, to the full extent of all his just claims as attorney in the suit. This lien cannot be defeated by attachment, under the trustee process.

*Dictum.* It seems well settled that the attorney has a general lien upon all papers in his possession, and all sums equitably due thereon, for any balance due him upon other matters, as well as in the particular suit.

THIS was an action of debt on judgment, against the principal debtor, in which Jacob Kent, Jr., was summoned as trustee, who disclosed, in writing, that a suit having been pending for several terms in Orange county court, in trover, in favor of said Howard, against him, the same was referred, by agreement between them, to arbitrators, who awarded to Howard a certain sum, which was due, in virtue of the award, at the time of the service of the trustee process; that the arbitrators awarded that each party should pay his own cost in said suit; and that after the service on him of the trustee process, the said Elijah Farr claimed of him the amount thus due on the award, in virtue of an alleged lien thereon, for his costs, as the attorney of Howard in said suit.

The said Elijah Farr, thereupon, interposed a claim upon the effects in the hands of the trustee, in virtue of said alleged lien. It was admitted that he was attorney for Howard in the suit and the submission mentioned in the disclosure; that his costs therein, exceeded the amount of the effects in the hands of the trustee; and that the award was in his hands

when the trustee suit was commenced, and had, therefore, remained in his hands.

The issue was joined to the court, who rendered judgment for said claimant, to which decision the plaintiff excepted.

ORANGE,
*March,*
1843.

Hutchinson
& Buchanan
*v.*
Howard *et al.*

*A. Underwood,* for plaintiffs.

It appears from the disclosure of Kent, as also from the award of the arbitrators, that, by the award, Howard recovered no costs in the trover suit; and the question is, whether his attorney in that suit has a lien for the costs of the suit upon the award, without notice, so as to defeat the plaintiff's claim.

1. An attorney has no *general,* but only a *special* lien for costs; therefore, for costs in the trover suit, his lien could not attach upon the award. *Stephens* v. *Marstin,* 10 C. L. R. 173; *Watson* v. *Marshell,* 27 do. 419; *Philips* v. *Stagg,* 2 Edw. 108, cited 1 Eq. Dig. 201.

2. It was competent for the parties to settle the trover suit, notwithstanding any lien that might be claimed; and a submission to arbitrators, and their award, is deemed in law a settlement by the parties. *Grover* v. *Cady,* 1 C. L. R. 144; *Nelson* v. *Wilson,* 19 do. 168; *Gitchel* v. *Clark,* 5 Mass.; *Holt* v. *Quimby,* 6 N. H. 79; *Foot* v. *Tucksbury,* 2 Vt. R. 97; 1 N. Y. Dig. 222; *People* v. *New York,* 13 Wend. 649; N. Y. Dig. 229.

3. It is insisted that, if the claimant had a lien, it could not avail, unless notice had been given to the trustee that he relied on it. The court will not protect an attorney's lien, farther than the rights of an assignee. *People* v. *Hardsburgh,* 8 Johns. R. 235; 1 N. Y. Dig. 221; *Grant* v. *Hazzleton,* 2 N. H. R. 541; 6 D. & E. 361; 1 East, 464; *Pindar* v. *Morse,* 3 Caines' R. 165. Had the claimant been assignee of the award, his claim could not have been maintained against the trustee process, without notice of the assignment to the trustee, before service of the process; and the plaintiff insists that notice of the lien would be equally necessary. At the time of service of the plaintiff's writ on the trustee, Howard could have controlled the claim, received pay and discharged the award, and, by service of plaintiff's writ, he acquired Howard's right. The trustee was, then, indebted to Howard. No notice had been given to him or

ORANGE,
*March,*
1843

Hutchinson
& Buchanan
*v.*
Howard *et al.*

Kent of any lien or claim whatever. Hence the plaintiffs insist that Kent should be adjudged trustee.

4. It is submitted that there can be no lien for costs, where none are recovered, and more especially where the subject matter has not been terminated in a judgment, bu has been made the subject of arbitration and award, wherein costs are denied.

*Peck* and *Farr*, for claimant, argued that the attorney had a lien on the award for his bill; and cited Doug. R. 104; 1 Swift's Dig. 538; *Hughs* v. *Muyn*, 3 T. R. 375; *Mitchel* v. *Oldfield*, 4 do. 123; *Foot et al.* v. *Tewksbury*, 2 Vt. R. 97; *Lake* v. *Ingham*, 3 do. 158; *Heart* v. *Chipman &* *Bates*, 2 Aik. R. 162; *Read* v. *Dapper*, 6 T. R. 263; *Randall* v. *Fuller*, 6 do. 456; Story's Comm. on Agency, 391–2.

As to notice, they maintained that it was not necessary. The question was not, whether a *bona fide payment* to the creditor by the trustee, without notice, would discharge him, and defeat the lien; but to whom ought the funds *to be* paid. The attorney and the plaintiffs were both, *bona fide* creditors of Howard; but plaintiffs had no special right to this fund, while Farr had in virtue of a *lien*, to which the prosecution of plaintiffs' right must be subject. Farr's claim was first in right, and the suit could not defeat it.

The opinion of the court was delivered by

REDFIELD, J. — The court is called upon, in the present case, to decide the extent of the attorney's lien, and how far the same is protected against attachment, under the trustee process.

We do not see how the present case differs from that of a judgement by consent of the parties, or on a report of referees, or indeed, from a judgment in the common course of proceedings *in invitum*. Upon a question how far the debtor shall be protected by a *bona fide* payment, without notice of the lien of the attorney, the question whether the costs of the attorney formed a portion of the award, might be important; but we apprehend it is not so here.

The law seems to be well settled, that the attorney has a general lien upon all papers in his hands, and upon the bal-

ances equitably due thereon, not only for his expenses incurred in the particular suit, but for any general balance due him. "This," says Mr. Justice Story, in his treatise on agency, "has long been the settled practice, and is now fully recognized, as an existing general right."

Chancellor Kent, 2 Com. 640, 641, lays down the same rule in the most unequivocal terms — "The client," says he, "cannot get back the papers, without paying what is due, (whatever becomes of the suit,) not only in respect of that business, for which the papers were used, but for other business, done by him, in his professional character." This is now, doubtless, the settled law upon the subject. This lien, in the English chancery and common pleas, extends only to the ultimate balance due from the client in equity, and is not protected against equitable setoffs, as is the case in King's Bench. The rule of the English chancery, is adopted in New-York. *Austin* v. *Bemiss*, 8 Johns. R. 274; *St. John* v. *Diefendor*, 12 Wendell, 261. The same rule has been adopted in this state. *Walker* v. *Sargent*, 14 Vt. 247. The cases cited in argument are of this character, and, indeed, only go the extent of refusing to protect the attorney's *general* lien, against equitable offsets.

It being thus established, that the attorney's lien extends to this award, it is obvious it cannot be defeated, either by an attachment or assignment, either of which could only operate upon the debtor's interest in the same. Notice to the debtor could be of no avail in this case. It is unnecessary, except in case of negociation of a debt, or to protect a *bona fide* payment of the debt, in ignorance of the lien claimed.

Judgment affirmed.