JOSEPH A. HOOPER *v.* HOSEA WELCH.

*Attorney's Lien. Default. Judgment.*

Where a default is entered in an action of covenant and the case continued, and the parties then make a *bona fide* settlement of the litigated claim and costs, the plaintiff's attorneys will not be entitled to have a judgment in favor of the plaintiff against the defendant for their benefit as counsel. The entry of the default does not constitute a perfected judgment, and no such lien then existed in favor of the plaintiff's counsel for fees and expenses as would prevent the defendant from making a *bona fide* settlement.

ACTION OF COVENANT. Upon the facts in the case, which are sufficiently stated in the opinion, the county court, at the June term, 1870, STEELE, J., presiding, *pro forma*, ruled that judgment should be rendered for the plaintiff for the amount of his counsel's bill of fees, and such judgment was entered, to which the defendant excepted.

*Elisha May*, for the defendant.

22

*Leslie & Rogers*, for the plaintiff.

The opinion of the court was delivered by

WILSON, J.   This action is covenant, on a warranty deed from the defendant to the plaintiff, of certain land in Groton, declaring that the defendant had no title to the lot which the deed purports to convey.   The defendant was defaulted and the action continued from term to term, to the June term, 1870.   On the 9th day of April, 1870, the defendant purchased the land in question, and paid the plaintiff the price agreed on, which purchase and payment the parties agreed should be a full settlement of this suit, and in that settlement it was further agreed that each party should pay his own costs.   At said June term, Leslie & Rogers, who had been and were counsel for the plaintiff in the suit, claimed a judgment in favor of the plaintiff against the defendant for the benefit of said counsel, notwithstanding said settlement.   Leslie & Rogers claimed this upon the ground that the settlement had been made, as they alleged, in disregard or in fraud of their *lien*, as attorneys, for their reasonable fees and expenses in the cause.   We think that no such *lien* existed in this case as in law would bind the defendant, or prevent his making a *bona fide* settlement of the litigated claim.   At the time of the settlement no judgment had been perfected.   The entry of the default did not constitute a perfect judgment.   Such entry would authorize making up the judgment at such time as the court should direct, and for such sum in damages as might be found from the evidence the plaintiffs should recover.   In *Young* v. *Dearborn*, 7 Foster, 324, cited by the plaintiff's counsel, the court decided that the *order* that judgment be rendered on the verdict would take effect from the date of the order, and would be deemed the judgment so far as to give the attorney a *lien* for his fees and disbursements in the suit, provided such lien was in other respects established.   It would seem upon principle and adjudged cases, that ordinarily, even after final judgment has been rendered, *notice*, to the judgment debtor, of the attorney's *lien*, is necessary in order to protect it against a *bona fide* settlement and payment of the debt by the debtor, made in ignorance of the existence of such lien.   The attorney of the

judgment creditor does not in all cases have a lien upon the judgment obtained through his agency. He may have been paid for his fees and disbursements in the cause ; if not, he may have relied solely upon the personal responsibility of his client. The right to offset mutual judgments, recovered between the same parties in the same court, is paramount to an attorney's lien, and it would be defeated by such offset. Cases frequently arise where the judgment debtor has legal or equitable claims against the judgment creditor, existing at the time the judgment was rendered, which could not be pleaded in offset at that time, or the defendant may have neglected to plead the same ; but there exists a *bona fide* debt, which the parties are willing and desire to adjust and apply upon the judgment. In many cases it is more convenient to pay the judgment to the creditor himself than to pay it to his attorney. The law seems to be well settled, first, that an attorney has, as between himself and his client, a general lien upon all papers in his hands and upon the balances equitably due thereon, not only for his expenses incurred in the particular suit, but for any balance due him. Story on Agency, 2 Kent Com., 640, 641. Second, that a party has generally the right, independent of his attorney or counsel, to control and compromise his suit until final judgment is obtained. 2 Vt., 99 ; 15 Vt., 544 ; 18 Vt., 614 ; 7. Foster, 324. Third, that an attorney has a lien upon a judgment recovered through his agency, for his reasonable fees and disbursements ; which lien he can, by notice to the judgment debtor, protect against payment of the judgment by the debtor to the creditor, or any settlement between them. In *Young* v. *Dearborn,* above cited, BELL, J., says : "Ordinarily notice of the attorney's claim and of his reliance upon the judgment recovered or expected for the payment of his claim, is necessary to be shown in order to render his lien effectual against the adverse party, or for the purpose of charging such party with any fraudulent intention to defeat the attorney's *lien* for his fees and disbursements. But actual notice of the claim of the attorney is not necessary in all cases for the protection of his rights. If the party acts in the face of circumstances which are sufficient to put him on inquiry, he acts contrary to good faith and at his peril."

The same principle is recognized in *Lake* v. *Ingham*, 3 Vt., 158, and in other cases decided in this state. There is no testimony in the case tending to show that either party intended to defraud the plaintiff's attorneys ; nor does the case disclose the existence of any circumstances, prior to or at the time of the settlement, sufficient to put the defendant on inquiry. But as no judgment had been perfected, we have no occasion to decide any question as to notice, or the sufficiency of notice, or whether the subject matter of the suit would bring it within any exception to the general rule if it had been shown that the settlement was made with any fraudulent intention to defeat the attorneys' fees or disbursements.

The judgment of the county court is reversed and judgment for the defendant to recover his costs.