## L. HURLBERT, ADMR. OF CHLOE D. SPOONER'S EST. *v.* BRIGHAM & WATERMAN.

### *Attorney's Lien. Discharge of Attorney.*

1. An attorney has a lien on money in his possession collected for his client, to secure a reasonable compensation for professional services and disbursements; and he can retain enough of the money to pay the general balance due him for such services and disbursements, although rendered in different suits; and when the client has deceased before the rendition of judgment, the lien secures charges for services performed for the intestate, as well as those performed for his administrator, who has entered to prosecute.

2. And in such a case, when the administrator has brought suit to recover the money of the attorney, it is not necessary in order to enforce his lien, that he should have had his debt allowed by the commissioners.

3. Distinction between a *charging* lien and a *retaining* lien. A failure to distinguish has led to confusion on the subject.

4. A client can discharge an attorney, who, having money in his possession collected for such client, and after deducting a reasonable compensation for his legal services, refuses to pay over the balance on demand.

5. A certified execution may issue against an attorney on a judgment rendered against him for money in his possession collected for his client.

GENERAL ASSUMPSIT. Heard on the report of a referee, April Term, 1881, Lamoille County, Ross, J., presiding. Plea, the general issue. Judgment *pro forma* for the plaintiff to recover $312.19. No question was made but the charges of the defendants were reasonable. They were such as are usually made by lawyers for professional services; and were made while attending to several different suits. The suits were brought in the name of Spaulding Spooner, and his wife, Chloe D. The money in contention was paid to the defendants on a judgment rendered in one of the suits. The referee found in part:

"If from the facts found and reported the court are of the opinion that the said defendants have an attorney's lien upon the funds in the hands of the defendants for their entire account accruing in all the suits in which the defendants acted as counsel for the said Spooner and wife, and the plaintiff as administrator as aforesaid, and as well before as since the death of Mrs.

Hurlbert *v.* Brigham & Waterman.

Spooner, then the said referee finds for the defendants to recover their costs as the amount of their said account so accruing, exceeds the amount of the money in their hands. But if the court are of the opinion that the said defendants have an attorney's lien upon the funds in their hands for so much of their account as accrued in suits in which they were employed as counsel for Spooner and wife up to the time of said claimed discharge, then the referee finds for the plaintiff to recover in this suit the sum of sixteen dollars and fifty-seven cents."

———————————— for the defendant, cited 1 Kent Com. 640, 641 ; *Walker* v. *Sargeant*, 14 Vt. 247 ; *Hutchinson* v. *Howard*, 15 Vt. 544.

*Hendee & Fisk*, for the plaintiff.

The lien upon the money only extends to taxable fees and disbursements in the cause. It does not secure any general balance due for services in other cases. *Heartt* v. *Chipman*, 2 Aik. 162 ; *Walker* v. *Sargeant*, 14 Vt. 247 ; *Wells* v. *Hatch*, 43 N. H. 246 ; *Adams* v. *Fox* 40 Barb. 442 ; *Wright* v. *Cobleigh*, 1 Fost. (N. H.) 339 ; *Pope* v. *Armstrong*, 3 Sm. & M. (Miss.) 214.

The defendants have a lien, but it atttaches only to such items as are subject to an attorney's lien which accrued after the death of Chloe D. Spooner up to the time of their discharge, and is confined to the cause in which the money is recovered. *Adams* v. *Fox*, 40th Barb. 442.

A client can discharge his attorney. *Langdon* v. *Castleton*, 30 Vt. 285 ; *Davis* v. *Smith*, 48 Vt. 52 ; *Wells* v. *Hatch*, *supra*. The defendants' account is barred, because it was not presented to the commissioners. *Aiken* v. *Bridgman*, 37 Vt. 249 ; *Soule* v. *Benton*, 44 Vt. 309 ; *Squires* v. *Gale*, 47 Vt. 473.

The opinion of the court was delivered by

Ross, J. The plaintiff seeks to recover the amount of a judgment recovered in his favor as administrator of the estate of Chloe D. Spooner, which the defendants, attorneys for him and Mrs. Spooner in the suit, collected, and retained the money. The suit was for the recovery of property which belonged to

Mrs. Spooner, and was commenced by her while in life, and subsequently prosecuted to judgment by the plaintiff, as administrator of her estate. The defendants were the attorneys who prosecuted that suit to judgment, and who had also been employed in other suits by Mrs. Spooner, and by the plaintiff as administrator of her estate. The defendants claim to hold the money thus received by them in payment and satisfaction of the general balance due them for legal services, rendered for Mrs. Spooner while in life, and for her estate subsequently to her decease. The defendants did not present, to and have allowed by the commissioners on the estate of Chloe D. Spooner, that part of their claim for legal services which accrued in her lifetime.

I. It is contended by the estate that that portion of the defendant's claim for legal services which accrued in the lifetime of Mrs. Spooner is barred by their failure to present and have it allowed by the commissioners on her estate. This contention would be sustained if this were an action by the defendants to recover for such services. But the defendants claim that they had a lien at common law upon the money which came into their hands in the course of their employment as attorneys, and that they had the right to retain the money until their claim for services, both before and after the decease of Mrs. Spooner, was satisfied. Liens upon property belonging to an estate, whether created by mortgage, or pledge, whether upon real or personal property, are not discharged by failure to have the debts, for which the property is held, allowed by the commissioners on the estate. Doubtless, to render the pledge of personal property available in such a case, it must be in the possession of the pledgee. Such allowance is only necessary to secure a dividend, or payment in full, out of the estate. The lien withholds so much of the property from the estate as is thus pledged to the extent of the debt for which it is pledged. The right to enforce payment from the property pledged, is not affected by failure to have the debt allowed by the commissioners on the estate; but the right to participate with the creditors of the estate in a dividend declared by the Probate Court is thereby lost. *Richmond* v. *Aiken,* 25 Vt. 324 ; *Graf-*

*ton Bank* v. *Doe*, 19 Vt. 463; *Putnam* v. *Russell*, 17 Vt. 54; *Walker* v. *Baxter*, 26 Vt. 710.

If the lien existed in their favor, the defendants might therefore retain the money for the payment of that part of their claim for legal services which accrued before the death of Mrs. Spooner, as well as for that part which accrued subsequently to her decease.

II. It is further contended by the plaintiff that at most, the defendants can only retain from the money collected, the amount of the taxable costs, for their services in the suit in which the money was recovered. Under the decision of this court in *Heartt* v. *Chipman*, 2 Aik. 162, and until the recent decision of *Weed Sewing Machine Company* v. *Boutelle, trustees* and *claimants*, (reported in this volume) this contention would prevail, if the defendants were asserting only what is called an attorney's *charging lien* upon the judgment which had been or might be recovered in the suit by aid of their services; that is, if they came to the court, to have their services and disbursements made a charge upon whatever judgment might be recovered in the suit, so as to protect themselves against an assignment of the claim in prosecution, or a settlement of it, before judgment; or to have them made a charge upon the judgment already recovered so as to protect them against an assignment of the judgment, or its payment to the plaintiff. This protection and lien the attorney can acquire and assert by filing a claim of such lien in the court where the cause is pending, or judgment recovered, and by giving notice thereof to the defendants in the cause. Therefore, if the suit be for the recovery of an undisputed debt, and not for a tort to the extent of such lien the court will protect him against an assignment, or settlement of the claim in suit, or payment of the judgment when recovered, without first providing for payment for his services and disbursements in that cause. Under the former decision, such lien only extended to the taxable costs in the suit for such services and disbursements; but under the latter decision it is extended so as to cover, what, as against the client,

is a reasonable compensation for the unpaid services and disbursements in the suit. The reason for this change is fully set forth in the opinion in the latter case. But the law recognizes in favor of attorneys not only a charging lien, as already set forth, but a *retaining lien.* The two *liens,* their nature, extent, and distinguishing characteristics, are clearly set forth in Wharton's Agents and Agency, ss. 623 to 630. The failure to distinguish between the two has led to an *apparent,* though not *real,* conflict and confusion in the decisions on this subject. By a retaining lien, an attorney has the right to retain money, or documents,—such as deeds, notes, and other papers,—which come into his hands professionally for collection, or other professional action, for the payment of whatever is due him for professional services, whether bestowed upon the particular thing retained or otherwise. Whar. Ag. s. 625. In *Welsh* v *Cole,* 1 Doug. 238 Lord MANSFIELD says : "An attorney has a lien on the money recovered by his client for his bill of costs; if the money came to his hands, he may retain to the amount of his bill. He may stop it *in transitu* if he can lay hold of it. If he apply to the court, they will prevent its being paid over till his demand is satisfied. I am inclined to go farther, and to hold that, if the attorney gave notice to the defendant not to pay till his bill should be discharged, the payment by the defendant after such notice would be in his own wrong, and like paying a debt which has been assigned, after notice." It is to be observed that he speaks of both a *retaining* and *charging* lien in the foregoing. See also *Wollis* v. *Claridge,* 4 Taunt. 807; *Furlong* v. *Howard,* 2 Sch. & Lef. 115; *Ex parte Nesbitt,* Ib. 279; *In re Paschal,* 10 Wall. 483. In *Sterling, ex parte,* 16 Ves. 258, a petition was presented by the assignees under a commission of bankruptcy to have deeds and papers belonging to the bankrupt delivered up by an attorney who claimed a lien upon them for his general bill. It was objected that the bill should be limited to the bill on the particular matter of the papers. ELDON, Lord Chancellor, said : "The general lien must prevail. Different papers are

put into the hands of an attorney, as different occasions for furnishing them arise.   In the ordinary case of lien I never heard of a question, upon what occasion a particular paper was put into his hands, but if in the general course of dealing the client from time to time hands papers to his attorney, and does not get them again when the occasion that required them is at an end, the conclusion is, that they are left with the attorney upon the general account.   If the intention is to deposit papers for a particular purpose, and not to be subject to the general lien, that must be by special agreement; otherwise they are subject to the general lien which the attorney has upon all papers in his hands."   An order was made for taxing the bill, with a declaration that the attorney had a lien upon the papers in his possession.   *Bennett* v. *Cutts,* 11 N. H. 163, is to the same effect. A client, who had left a note for collection with an attorney who had brought suit upon it, was not allowed to reclaim the note on tender of payment of his charges in the suit; but it was held that the attorney had the right to retain the note until the general balance due him for professional services was paid.   The lien of an attorney has been recognized, and considered in various lights and phases by this court in *Heartt* v. *Chipman, supra; Foot* v. *Tewksbury,* 2 Vt. 97; *Patrick* v. *Hazen,* 10 Vt. 183 ; *Walker* v. *Sargeant,* 14 Vt. 247; *Hutchinson* v. *Howard,* 15 Vt. 544; *Hutchinson* v. *Pettes,* 18 Vt. 615; and *Hooper* v. *Welch*, 43 Vt. 169.   In the case in the 15 Vt., REDFIELD, J., says: " The law seems to be well settled, that the attorney has a general lien upon all papers in his hands, and upon the balances equitably due thereon, not only for his expenses incurred in the particular suit, but for any general balance due him."   In the case in the 10 Vt., it is held that an attorney, when sued for money collected and retained by him, may, under the general issue, show his general lien thereon for the general balance due him for professional services.   Hence, at common law, as recognized by the decisions of the courts of England and of this court, the defendants had the right to retain from the money in their hands enough to pay the general balance due them for professional

services for the intestate, and for her estate. The plaintiff discharged the defendants in one of the suits after they refused to pay the money collected, then in their hands, to him. This he had the right to do, inasmuch as they then had in their hands money more than enough to satisfy the general balance then their due. Whether a client has the right to discharge an attorney from a suit, in which he has a claim for unpaid services, without first tendering payment for such services, is not involved in the decision of this case, and no opinion is expressed in regard to it. On the facts found by the referee, and the law applicable thereto, the *pro forma* judgment of the County Court is reversed, and judgment rendered for the plaintiff to recover the sum of sixteen 57-100 dollars with interest from April 26, 1881, and costs, and to have a certified execution therefor.