Wing et al. *v.* Woodward.

J. A. WING & OTHERS *v.* MRS. J. B. WOODWARD.

*Petition for New Trial. Claimants in a Trustee Proceeding, Priorities of.*

The Supreme Court, on the petition of some of the claimants in a trustee proceeding, will not grant a new trial for the purpose of readjusting the priorities of the several claimants, when it had rendered a final judgment in the cause at a former term, and on argument had determined the questions sought to be reopened, as it did not appear that injustice had been done, and all the parties to the first suit were not joined in the petition.

PETITION for the correction of a judgment, or to be allowed a new trial, brought at the May Term, 1883, of the Supreme Court, Washington County.

*J. A. & Geo. W. Wing,* for the petitioners.

*C. J. Gleason* and *H. A. Huse,* for the defendant.

The opinion of the court was delivered by

Ross, J. This is a petition for the correction of the judgment, or to be allowed a new trial, between the claimants in the suit, *Weed Sewing Machine Company v. Wm. A. Boutelle,* trustees and claimants, *ante,* 570, the decision of which was reserved until the fall of 1883. The petition is only between the claimants in that suit. It is of an anomalous character. It does not embrace all the parties to that suit, nor does it seek to open the judgment

rendered in that suit, except in part, and as between the claimants. Doubtless, on petition, this court might bring forward upon the docket, a case, in which it had rendered final judgment, and, where no new rights, or parties, had intervened, vacate the judgment for manifest error therein, and render such a judgment as it should have rendered originally in the case. But such practice would, in substance, be granting the parties a rehearing in a case, which it had decided on full hearing, and in which it had rendered final judgment,—a practice which this court has not heretofore encouraged, and which if it became prevalent, would add largely to the delays and expenses of litigation. It is in the interest of the State, and of parties generally, that there should be a speedy end of litigation, and that final judgment, when once entered, should not be disturbed. If a final judgment is to be modified and changed, although only between a part of the parties thereto, it is not apparent why all the parties thereto should not be parties to a petition for such purpose, and have the right, at least, to be heard in regard to such modification. All the parties thereto have rights in such final judgment. So long as such final judgment stands, it is conclusive, and this court has no power or right to add to, or take therefrom. It must first, for good cause shown, vacate such judgment. Then the case is open for consideration, *de novo*, and for such final judgment, as the facts then brought legitimately before the court shall warrant. The court at one term, though in the same county, cannot, on petition, without first bringing the case forward, intermeddle with, nor modify the final judgments rendered at another term. We have thought best to say thus much, that this form of proceeding may not be thought to have received the sanction of the court through its silence.

On the merits of the petition, and on the facts disclosed, we find no occasion to vacate the judgment heretofore rendered in the original case. If the parties to the petition had informed themselves in regard to the grounds of the decision then rendered, they would have been saved much, which they have contended over. It was there held, that notice to A. C. Brown and

to the insurance commissioners of the assignment of the claims in contention to Livingston and Wing, to Mrs. Boutelle and to Mrs. Woodward, was not legal notice of such assignments to the insurance companies, which were summoned as trustees, and did not protect the funds in their hands from attachment by the trustee process; that the assignment to Davis, Roundy & Cole was conditional for the payment of the $2,000 named, and future advances, all of which had been paid before the re-assignment to Mr. Wing for Mrs. Boutelle; and that the understanding between Mrs. Boutelle and her husband that she should have her loan first paid out of the insurance money, if it amounted to an assignment thereof, left the money due for the insurance open to attachment by the trustee process because of want of legal notice thereof to the trustees. This left the claim of Mrs. Woodward, to stand upon her husband's right to have the debt she took up, paid out of the insurance money, of which Mr. Boutelle and Mr. Woodward gave the general agents of the companies notice, when they came to adjust the losses, and the claim of Livingston and Wing to stand upon their lien as attorneys. On the facts found by the commissioner, this court held, that this notice, on which alone Mrs. Woodward could prevail, antedated the lien of Livingston and Wing as attorneys. As the opinion was first drawn, their lien was limited to the taxable costs in the two insurance cases, as held in *Heartt* v. *Chipman*, 2 Aik. 162, which left a balance to be held by the plaintiff. In this condition, it became absolutely necessary for this court to determine the amount of Mrs. Woodward's claim, and of the claim of Livingston and Wing, in order to ascertain how much there would be left for the plaintiff. But, on examining the grounds of the decision in *Heartt* v. *Chipman*, the court concluded to overrule that case in regard to the extent of an attorney's *charging lien*, which left nothing for the plaintiff to hold by the trustee attachment. Now Livingston and Wing and Mrs. Boutelle desire to litigate their right to the money due from the insurance companies, with Mrs. Woodward, and to set up the various assignments held inoperative to protect it against

the plaintiff's right to attach the same by the trustee process. To allow this, would permit the parties to stand related thereto, as they did before the trustee attachment, or allow the petitioners to use her husband's vigilance in protecting his assignment by legal notice, to compensate for their negligence in failing to give legal notice of their respective assignments. This would be manifest injustice to Mrs. Woodward, in the absence of any agreement by her or her husband, to hold the assignment to him for the benefit of the petitioners. The petitioners' claimed priority of right to the funds rests upon their several assignments, which for want of legal notice were invalid against the trustee attachment. Neither equity nor law calls upon this court to disturb its former final judgment to compass such an end. The petitioners contend, that they were misled by *Shattuck* v. *Smith & Trustees*, 16 Vt. 132, and *Carpenter* v. *McClure*, 37 Vt. 132, into supposing it was the settled law of the State that this court would not, on commissioners' report in a trustee suit, settle the priority of claimants' rights, but simply determine whether the plaintiff had secured a valid attachment upon the funds in the trustees' hands; that is, whether such funds belonged, at the date of the service of the trustee process, to the defendant, or to the claimants. Such is the purport of those decisions. If the petitioners had been misled thereby to their *injury*, it would furnish ground for relief. But they now fail to show any facts, that establish that they have been injured by that decision. Nor have they established, that they did not on the hearing of the original case make any claim in regard to the priorities of rights of the respective claimants to the funds in the hands of the trustees. On the contrary, an inspection of Mr. Wing's brief shows that he claimed that the assignment to him and Livingston took precedence over the other assignments. Nor do any of the briefs suggest that it was not expected that the court would consider the respective rights of the claimants, which appeared to be fully set forth in the commissioner's report. Hence, without considering whether the statutes have been materially modified since the decisions in

the 16 Vt. and 37 Vt., both for want of proper parties, and because the petitioners, on the facts and law, do not show themselves entitled to the relief prayed for, the petition is dismissed with costs.