## SUPREME COURT.

CHARLES O. RICHARDSON agt. THE BROOKLYN CITY & NEW-TOWN RAILROAD COMPANY.

Where it is alleged by the plaintiff's *attorney*, that subsequent to the entry of judgment in favor of the plaintiff, he assigned it without the knowledge of his attorney, with a view to defraud him out of his fees for services in the action; on motion, the attorney may have a *reference* to ascertain his *lien* or *right*, if he has any, beyond the *taxable costs*, on or to the judgment on the final recovery to be had in the action, as against the assignee.

And such a reference will be allowed, although it does not appear, except by the attorney's claim, on the motion that there was any *special agreement*, between the plaintiff and his attorney, that he should receive more than the *taxable costs*.

*Kings General Term, December,* 1862.

THIS cause was tried January 31, 1862, and a verdict rendered for the plaintiff. On the 8th of March, a judgment was entered for $1,377.24, from which an appeal was immediately taken by the defendants to the general term. Subsequently, the plaintiff it is alleged, with the view of

defrauding his attorney out of his fees for services, assigned the judgment to one William Cutler, without the knowledge of his attorney. The cause was called on the calendar of the general term, at Brooklyn, December 10, 1862, and counsel on both sides were ready to argue it, though the attorney for the plaintiff, knowing nothing of the assignment, was not present. On the *ex parte* motion of A. H. Hitchcock, who said he was the attorney for the assignee, and without notice to the attorney for the plaintiff, the court granted an order to the effect that it be referred to Hon. GEORGE G. REYNOLDS, to take proof and ascertain the amount of costs as taxed in the suit, and report thereon; and on the coming in of the report, and on the payment by said Cutler to said attorney the amount of said costs, that then said A. H. Hitchcock be substituted as the attorney for the plaintiff, and that he deliver up the papers in this suit. An agreement had been made, it was alleged, between the attorney and the plaintiff for a much larger sum than the taxed costs. This was a motion on the part of the attorney for the plaintiff to amend or modify said *ex parte* order, so as to authorize the referee to take proof and report the full extent of the lien which the attorney for the plaintiff may have for his fees for services as attorney and counsel, fees of associate counsel, disbursements paid, &c. On this motion the plaintiff made an affidavit, denying that any agreement between him and his attorney had been made.

Mr. WHEELER, *in person, cited Wilkins* agt. *Batterman*, 4 *Barb.*, 47, (*G. T.*;) *Sherwood* agt. *The Buffalo & N. Y. R. R. Co.*, 12 *How.*, 136; *Creighton* agt. *Ingersoll*, 20 *Barb.*, 541, (*G. T.*;) *Ward* agt. *Wordsworth*, 1 *E. D. Smith R.*, 598, (*G. T.*;) (*approved and concurred in by the court of appeals, in* 18 *N. Y. R.*, 368;) *Easton* agt. *Smith*, 1 *E. D. Smith R.*, 318, (*G. T.*;) *McKenzie* agt. *Rhodes*, 13 *Abb. P. R.*, 337;

*Ackerman* agt. *Ackerman*, 14 *Abb. P. R.*, 229 ; *Hall* agt. *Ayer*, 9 *Abb. P. R.*, 220 ; *Hoffman* agt. *Van Nostrand*, 14 *Abb.*, 336 ; *Garr* agt. *Mairet*, 1 *Hilton R.*, 498 ; *Stowe* agt. *Hamlin*, 11 *How.*, 452 ; *Moore* agt. *Westervelt*, 3 *Sand.*, 726 ; *Code*, § 303.

LOTT, Justice. Motion denied without costs, but without prejudice to the lien or right of Mr. Wheeler, if he has any beyond the taxable costs referred to in the order of December 10, 1862, on or to the judgment on the final recovery to be had in the action, as against the assignee of the judgment or claim ; and the order may be amended by inserting a provision therein to that effect, or by the entering of a new order declaratory thereof. The weight of the authorities cited by Mr. Wheeler is, to declare that the lien or right of an attorney may by agreement extend beyond the taxable costs to any sum or amount stipulated, but that, in the absence of such agreement, the taxable costs are *prima facie* the measure of his compensation. (*Keenan* agt. *Dorflinger*, 19 *How. P. R.*, 158 ; *Hall* agt. *Ayer*, *id.*, *p.* 91 ; *Rooney* agt. *The Second Avenue R. R. Co.*, 18 *N. Y. R.*, *p.* 368,) where it is said by Judge HARRIS : In the absence of any agreement on the subject, I suppose the sum recovered by the party as an indemnity for his expenses would be the measure of compensation allowed to the attorney. This, then, would be the extent of his lien. And Judge COMSTOCK says, if there is a special agreement, that will take the place of the pre-existing statutory rates, but does not express any definite opinion as to the rule if there be no such agreement. (*See also Creighton* agt. *Ingersoll*, 20 *Barb.*, *p.* 541.) No special agreement is alleged by Mr. Wheeler. It is true that he says that he has a *bona fide* and actual lien upon the judgment in this action for much more than the taxable costs for counsel fees, disbursements and the expenses already incurred ; but he does not state how it has been acquired, and I can only look upon and treat the statements

as his opinion in relation to his legal rights. The plaintiff, on the contrary, swears that at the time he employed said Wheeler, or at any other time, no agreement was made or entered into between said Wheeler and this deponent respecting the compensation of said Wheeler for his services in said action, or the amount thereof, or when or how he was to be paid. Under such circumstances, I am of the opinion that the order of 10th December last, is as favorable to Mr. Wheeler in reference to the amount to be paid to him, on substitution of another attorney, as he is entitled to. (*Stevenson* agt. *Stevenson*, 3 *Edw. Ch. R.*, 340; *Trustee* agt. *Roper*, 15 *How. P. R.*, 570.) The provisions I have directed to be made for his benefit, will fully protect his rights as to a larger claim.