## HOWARD vs. THE TOWN OF OSCEOLA.

LIEN OF ATTORNEY-AT-LAW, *on instrument in his hands for suit—Protection of his interest by the court.* WRIT OF ERROR: *Judgment of discontinuance reversed on.*

1. An attorney who has rendered services and advanced money, or made himself liable for the costs, in an action commenced by him on a town order in his hands, has a lien upon the order for the amount.

2. A judgment of discontinuance in such an action, rendered on the application of the defendant, upon the ground that the case had been settled by the parties, reversed to enable plaintiff's attorney (who had not been consulted in regard to the settlement) to proceed to collect the costs of the action and his fees.

3. Such a judgment will be reviewed *on writ of error*, where the affidavits read on the motion for the judgment are included in the bill of exceptions, and the order for the judgment is duly excepted to.

ERROR to the Circuit Court for *Fond du Lac* County.

*Amelia E. Howard* brought an action in said court against the *Town of Osceola* upon a town order for $100 bounty money. A judgment in default of an answer was set aside, on the ground that there had been no personal service on the clerk of the town; and defendant then answered, that on a certain day subsequent to the commencement of the action, it paid plaintiff $92, which she received in full payment of said claim. The action was noticed for trial, and placed on the calendar for the October term, 1866; but when it was called in its order, defendant objected to plaintiff's proceeding therein, and read an order, or notice, signed by the plaintiff, under date October 8, 1866, addressed to and filed with the clerk of said court, to the effect that she had discontinued the action, and had notified her attorneys, Messrs. Blair & Coleman, that she had received full payment and satisfaction of the claim, and had revoked their power, etc. Plaintiff thereupon filed her own affidavit, and that of Mr. Blair, one of her said attorneys, which tended to show that she had left the town order in the hands of her attorneys at the commencement of the action, which was known to defendant's attorney; that the same still remained in their hands; that she had never paid or advanced any money to them for their fees, or to pay costs in the action, but they

were to receive their fees and repayment of any sums advanced by them, out of the proceeds of the suit; that the defendant's attorney had been informed in conversations with plaintiff's attorneys, that the latter had paid the state tax, and that plaintiff was too poor to pay the costs, and if they were not paid by the town, plaintiff's attorneys would be obliged to pay them; and that the chairman and clerk of the town had come to her for the purpose of inducing her to settle the suit, and had offered to give her $92 if she would give a receipt in full, representing that if she did not take that she would never get anything, but it would all be used up to pay the costs and lawyers, and that the town would · not pay any costs unless obliged to; that plaintiff did not understand her rights, and had no opportunity to consult her attorneys; that she was poor, and needed the money, and said officers were urgent to have the matter closed up then, and said she had better get the money while she could, and she agreed to take the amount offered, which she would not have done if she had fully understood her rights in the action; that she received the amount, and gave a receipt therefor; that on the 9th of October, the town clerk induced her to sign two other papers, one of which he read to her, and the other he did not, saying both were alike; and that she had not seen either of her attorneys from the commencement of the action to the signing of said papers. The defendant's. attorney filed an affidavit, stating that he had good reason to believe, and did believe, that defendant paid plaintiff $102, being in full of plaintiff's claim; that affiant offered Mr. Blair, about May 1st, 1866, $92 in payment of said order, at the same time claiming that defendant should be allowed $10, which affiant said he should obtain on decision of a motion in said cause then pending; that said claim was then disputed in good faith; that affiant had received a letter from the adju-

tant general of the state, saying that Christopher Howard had not been credited to said town; that affiant verily believes the payment of said order could not be legally enforced in a suit at law against said town, and that it had a good defense to said action before said settlement; and that affiant did not know that defendant was about to settle the suit, and does not believe that it settled the same with intent to defraud or deprive plaintiff's attorneys of any costs.

The circuit court held that the cause had been properly discontinued, for that it did not appear that the settlement had been made and the discontinuance obtained with intent to defraud plaintiff's attorneys, or deprive them of their costs; and by its order a judgment of discontinuance was entered; to reverse which plaintiff sued out her writ of error, a bill of exceptions being duly settled and made part of the record.

*Blair & Coleman*, for plaintiff in error, to the point that the lien of an attorney for his services in bringing suit upon a claim attaches to the claim itself from the commencement of the action to judgment, cited *Keenan v. Dorflinger*, 19 How. Pr. R., 153; *Gihon v. Fryatt*, 2 Sandf., 638; *Wood v. N. W. Presb. Ch.*, 7 Abb., 210, note; *Shackelton v. Hart*, 12 id., 325, note. If there is any private settlement, or collusion in effecting the settlement, of an action, without paying the costs, the attorney's lien is not avoided, but holds good as well before as after judgment. *Chapman v. How*, 1 Taunt., 341; *Rasquin v. Knickerbocker Stage Co.*, 21 How. Pr. R., 293; *Read v. Dupper*, 6 Term., 361. See also 9 How. Pr. R., 460.

*Henry F. Rose*, for defendant in error, contended that the judgment could not be reversed on writ of error, because the error, if any, does nor appear from the record proper; and because the error, if any, was one of judgment in the

judge, and not one of law in the court.    2. This was a disputed claim, which the parties had a right to settle without consulting their attorneys (4 Sandf., 661; 18 N. Y., 489); and the court decided correctly that there was no evidence of fraud.    4 Bosw., 670, and cases there cited.    3. Attorneys have no lien on the judgment for costs, under our statute, and certainly none before judgment, nor one which will authorize a writ of error on a judgment of discontinuance.    R. S., ch. 133, sec. 41.

COLE, J.    It is objected, that we cannot review on writ of error the ruling of the circuit court directing judgment of discontinuance, even if that ruling is erroneous.    But this is a mistake.    The affidavits read on the motion are incorporated in the bill of exceptions; and exceptions were properly taken to the ruling of the court directing that a judgment of discontinuance be entered in the action.    The question, therefore, whether the judgment of discontinuance should have been entered under the circumstances, is fairly presented by the record; and upon that question we think the ruling of the circuit court erroneous.    For we are satisfied, from the affidavits, that the settlement was collusive—made for the purpose of defrauding the attorney out of his compensation.    It is quite likely that the plaintiff did not intend any wrong to her attorney.    She was applied to privately for a settlement of the action, when she had no opportunity to consult her attorney.    She says that she was poor and needed the money, and that she did not understand her rights.    Under these circumstances, she agreed to take the sum offered, because she was urged to do so by the agents of the town; but she says she should not have accepted that sum had she fully understood her rights.    It would, therefore, be unjust to attribute to her a meditated fraud, although, if the discontinuance is permit-

ted to stand, it will deprive the attorney of all compensation for services rendered. Where a settlement is privately effected between the parties, with the design of preventing the attorney from obtaining his compensation, as this was, it should be set aside. For that this was the intention on the part of the agents of the town, we think is clear from the affidavits. It appears that the town order, upon which suit was brought, was given to the attorney of the plaintiff at the commencement of the action, and has remained in his possession ever since. It further appears that the understanding between the plaintiff and her attorney was, that he was to be paid for his services in collecting the money on the order, out of the avails of the judgment, and that the plaintiff has no means to pay him except in this way. Upon the strength of this understanding, the attorney has advanced money and rendered services. And we have no doubt that he has a lien for compensation upon the order, by well established principles. The authorities cited by the counsel for the plaintiff show that such is the law. See likewise *Chappell v Cady*, 10 Wis., 112.

We think, notwithstanding the settlement, the attorney of the plaintiff should be allowed to proceed and collect the costs in the action, and his fees, that he may thereby secure compensation for his services.

*By the Court.*—The judgment of discontinuance is reversed, and the cause remanded for further proceedings in accordance with this decision.