GIST, EX., VS. HANLY.

LIEN. *Of attorney for his fees and cost:*
An attorney has a lien upon the securities in his hands for his fees and costs, as well as upon a judgment recovered upon them. Section 3622, Gantt's Digest, so far as it extends, is but a declaration of the law as it was before. Where an attorney has attached property for the collection of a debt, the lien of the attachment enures to the benefit of t··e attorney fɔr his fees and cost advanced in the action, and cannot be defeated by any settlement made by his client and the debtor, without his consent.

APPEAL from *Phillips* Circuit Court.

Hon. J. N. CYPERT, Circuit Judge.

*Tappan & Hornor*, for Appellants.

*Brown, Contra.*

HARRISON, J.:

Thomas B. Hanly was employed as an attorney by William H. Ford, a non-resident of the State, to bring suit by attachment in the Phillips Circuit Court, against Thomas C. Gist, on two writings obligatory or bonds, made by said Gist to John N. Herndon, each for $3500, dated December 27th, 1859, and payable with interest from date, respectively, on the 1st of January, 1861 and 1862, and the bonds were placed in his hands for that purpose. Ford at the time of his retainer paid him $225, and agreed to pay in addition thereto, eight per cent. of what might be recovered.

Hanly accordingly brought suit on each bond, in the name of Herndon, for the use of Ford, which suits were commenced on the 12th day of February, 1868, and the

attachments were levied on fifteen hundred acres of the defendant's lands.

The defendant filed a motion, in each case, to dismiss the suit upon the ground that the bond was given in the purchase of slaves.

Before the motions were determined, Gist died, and the suits were revived against his executor, Thomas Gist.

Afterwards, Ford and said Thomas Gist, without the consent or knowledge of Hanly, compromised and settled the suits ; and Gist paid Ford $1500, in full satisfaction and discharge of the bonds, and agreed to pay the costs, and Ford gave him a receipt against the bonds, and an order to Hanly for them.

Hanly refused to surrender the bonds, and he filed this complaint in equity against Ford, Herndon, and Thomas Gist, as such executor of John C. Gist, to enforce his lien on the bonds for the remainder of his fee, and $15.75 costs in the suits, paid by him, stating therein the foregoing facts, and charging collusion between Ford and Gist to defraud him.

Only Gist answered the complaint, or made any defense. He denied the charge of collusion, or any knowledge that any thing was due the plaintiff, and denied that he had a lien on the bonds or debts settled by him. He offered to pay the costs advanced by the plaintiff.

The court found that Ford was indebted to the plaintiff, on his fees, and for the costs advanced, $405.75, and for which he had a lien on the bonds or claims, and decreed the payment of the same by Gist out of the goods and property of his testator's estate.

Gist appealed from the decree.

That an attorney has a lien on the judgment he has recovered for his client, for his fee and the costs advanced by him, is beyond controversy ; and it is as well settled that he has a similar lien on the securties in his hands.

*Hollis* v. *Claridge*, 4 Taun. 807; *Furlong* v. *Howard*, 2 Scho. & Lep. 115; *Ex-parte Nesbit*, Ib. 279; *Taylor* v. *Popham*, 13 Vesey, 59; *Twort* v. *Dayrell*, Ib. 195; *Pemberton, ex-parte*, 18 Vesey, 282; *Stevenson* v. *Blakelock*, 1 Maule & Seld. 535; *Pleasants* v. *Kortrect*, 5 Heis. 694; *Howard* v. *Osceola*, 22 Wis. 453; *Keenan* v. *Dorflinger*, 19 How Pr. 153; *Story on Agency*, sec. 383.

But it is contended that he has no lien whatever until after the judgment, and that his client may compromise or settle the suit with the opposite party without his consent, and without paying his fee; and we are referred to section 3622 of Gantt's Digest. That section, so far as it extends, is but declarative of the law as it stood at the time of its enactment, and makes no change. By no possible construction can it be held to have taken away the lien of the attorney upon the papers and securities in the cause. That the law gives such lien before judgment the authorities abundantly show.

*Pleasants* v. *Kortrecht*, *supra*; *Howard* v. *Osceola*, *supra*; *Keenan* v. *Dorflinger*, *supra*; *Jones* v. *Morgan*, 39 Ga. 310; *Rasquim* v. *Knickerbocker Co.* 12 Alb. Pr. 324; *Hutchinson* v. *Howard*, 15 Vt. 544; 2 Kent's Com. 640.

The attorney is virtually an assignee of a portion of the judgment, or of the debt or claim, equal to his fee, and the advances which he has made for his client. For the parties then to make any arrangement or settlement between themselves, without his consent, by which his right might be defeated, would be a fraud upon him, against which he is entitled to protection. As has been said, a party should not run away with the fruits of the cause, without satisfying the legal demands of his attorney by whose industry those fruits are obtained.

It does not appear that any other defense was set up against the bonds than that they were given in the purchase of slaves,

or that there was any valid defense againt them, nor is it shown that the lands attached, were not of sufficient value to satisfy the debt.

The lien of the attachments also enured to the bencfit of the appellee, and the parties for that reason had not the right, by a compromise or settlement between themselves, to release the attachments. In the case of *Pleasants* v. *Kortrecht*, above cited, the solicitors impounded a trust fund by attachment for the benefit of their client. The client, without their knowledge or consent, compromised his case and dismissed the suit. The court say: "We think that whenever the solicitor has succeeded, by his professional services, in securing a fund by attachment, and thereby fixing upon it the lien of his client, his own lien, like that of his client, attaches, both however subject to be defeated by the loss of the fund on final hearing or trial. *Prima facie*, the fund attached is subject to be appropriated to the satisfaction of the attaching creditor's lien, and along with his lien, that of his solicitor goes *pari passu*."

The appellee's connection with the suits, and the levy of the attachments were facts which the appellant must necessarily have known, and they were sufficient to put him upon inquiry as to the lien, and the appellant's settling with Ford in the face of these facts without the appellant's consent, was at his peril.

It is also insisted that the appellee should have verified his claim as a demand against the estate of the appellant's testator.

This objection is wholly untenable. As has been shown, it is part of the demands upon which the suits against his testator were brought, as to which no presentation to the executor or verification was required, and which has been appropriated to the estate by the appellant.

Although, as it seems to us, the appellee might have enforced his liens by an application to the court in the cases in

which they arose, this does not exclude the jurisdiction of the court, in an original suit in equity, to afford the relief. No such objection, however, was raised in the court below, or in this.

The decree is affirmed.