JOHN SULLIVAN, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

27h    35
79 AD 401

*Reversal of a conviction—when a new trial may be directed — 3 R. S. (6th ed.), 995, sec. 49.*

The plaintiff in error was tried upon an indictment charging him with burglary in the first degree, and convicted of an attempt to commit that crime. The evidence was not sufficient to justify his conviction of burglary in the first degree, or of an attempt to commit that offense, but would have justified his conviction of burglary in the second degree. Upon the argument at General Term the counsel for the plaintiff in error claimed that a new trial of the plaintiff was forbidden by section 49 (3 R. S. [6th ed.], 995), which provides that when a defendant shall be acquitted or convicted upon an indictment for an offense consisting of different degrees, * * * he shall not thereafter be tried or convicted for a different degree of the same offense, nor shall he be tried or convicted for any attempt to commit the offense charged in the indictment, or to commit any degree of such offense.

*Held,* that the conviction should be reversed and a new trial ordered. (Brady, J. dissenting, and holding that the conviction should be reversed and the prisoner discharged.)

Writ of error to the Court of General Sessions of the city and county of New York, to review the trial of the plaintiff in error and his conviction of an attempt to commit burglary in the first degree.

*John O. Mott,* for the plaintiff in error.

*John Vincent,* for the defendant in error.

Brady, J. :

The prisoner was indicted, charged with burglary in the first degree, in having broken into and entered the dwelling-house of Nicholas Smith, by means of forcibly breaking open an outer window of such dwelling whilst there was then and there some human being within it, to wit, the said Nicholas Smith. On the trial Smith was called as a witness, and testified that on the night of the burglary he shut up the house; that there was a window leading to the roof which was large enough for a person to get through if it

was open ; and if a person did get through it, he would immediately enter the sleeping room where some of his boarders slept; and that that was the only window in that room which opened out upon the roof, but he did not know whether it was open or shut on that night. He testified further that there was no place broken down stairs, to use his own language; and that no person could get into the house unless he got on the roof; and, further, that when he went up stairs on being alarmed, the first thing he heard was the breaking of glass, and although he did not at that time look at the window spoken of to see if the glass was broken, he afterwards saw that it was broken. It further appears that the prisoner was seen going out through the window, and that he was found on the top of the house by the officer who went in search of and arrested him, and that upon being asked what he was doing there said, "I was led into this." He made no explanation. The indictment, as already suggested, was for burglary in the first degree, and upon the conclusion of the case on the part of the people the prisoner's counsel requested the court to charge that there was no evidence of burglary and that the jury could not convict the prisoner on the first count in the indictment, to which the court responded: "There is very little evidence of the breaking. There is some evidence tending to show that the prisoner broke a pane of glass. I will leave it to the jury to determine the facts." The prisoner's counsel thereupon said: "Give me the benefit of the exception." The request to charge seems to be infelicitous in form ; it is that the jury should be instructed that there was no evidence of burglary. This is clearly inexact because the evidence shows that the prisoner entered the house without permission, without right, unlawfully, and undoubtedly through the window to which reference has been made. And the request was also based on the supposition that there was more than one count in the indictment, which was erroneous as there was but one count in that pleading. Perhaps it may be said the design of the request was to assert that there was no evidence of burglary in the first degree, and that the prisoner could not therefore be convicted of that offense. The jury, however, found the prisoner guilty of an attempt only to commit burglary in the first degree and he was thereupon sentenced to the State prison for the term of seven years and six

months. It is quite apparent that the evidence was not sufficient to establish a forcible breaking and entrance. All that appears on that subject is the breaking of a pane of glass, and that does not appear to have resulted in making an opening through which the prisoner could enter the premises, whilst it does appear that the window may have been open, and if so that the entry may have been effected without any breaking, in which case the offense was not burglary in the first degree. (*People* v. *Burt*, 3 Alb. Law Jour., 96; *People* v. *Fillinger*, 24 How. Pr., 321; *People* v. *Bush*, 3 Parker, 552.)

It was the duty of the court, therefore, to have instructed the jury that the evidence was not sufficient to prove the crime of burglary charged. If the prosecution fail in some element of proof necessary to constitute the crime it is a clear case for the interposition of the court. (*People* v. *Bennett*, 49 N. Y., 137.) Here the proof of the breaking in was an element necessary but wanting. The learned recorder, as already shown, entertained the view himself that there was very little evidence of the breaking, there being only some tending to show that the prisoner broke a pane of glass. But as already suggested it does not appear that the glass broken covered a space sufficient to admit the prisoner's body, and if any presumption is to be indulged in it is that a pane of glass in such a window as that described would be too small to allow any such performance. The breaking should be sufficient to allow an entrance to be made, otherwise it would amount to an attempt only. The case was submitted to the jury, therefore, upon the single fact in reference to the breaking in, if that were sufficiently proven, that the prisoner broke a pane of glass and which was to be inferred from the fact that the breaking was heard, and not from his having been seen committing the act of breaking. The prisoner could have been convicted nevertheless of burglary in the second degree under the statute, because the evidence conclusively established that he had burglariously entered the premises. (3 R. S. [6th ed.], 940, § 14, 995, § 48.) But he could not be convicted of an attempt, because the statute declares that no person shall be convicted of an attempt to commit any offense unless it shall appear that the crime intended or the offense attempted was not perpetrated by him. (3 R. S., *supra*, 994, § 47.) In this case the crime of burglary in

the second degree on the evidence, was accomplished. The prisoner had unlawfully entered the premises with a felonious intent and was seen therein, and under such circumstances as to leave no doubt of his intention feloniously to appropriate property. The prisoner can be convicted of an attempt only when he shall fail in the perpetration of the crime intended, or shall be prevented or intercepted in the execution of the same. (3 R. S., *supra*, 988, § 3.)

The offense charged being burglary in the first degree, and the evidence showing the commission of the offense of burglary in the second degree, the jury could not convict him of an attempt, and the conviction was therefore erroneous.

The learned counsel for the plaintiff in error insists that the effect of this conviction is that his client should be discharged from further imprisonment absolutely. This proposition rests upon the provision of the statute (see 3 R. S., *supra*, 995, § 49), which declares that when a defendant shall be acquitted or convicted upon an indictment for an offense consisting of different degrees, as prescribed in the chapter, he shall not thereafter be tried or convicted for a different degree of the same offense, nor shall he be tried or convicted for any attempt to commit the offense charged in the indictment, or to commit any degree of such offense; and he relies upon the adjudication in the case of *The People* v. *Dowling* (84 N. Y., 478), and in the case of *Guenther* v. *The People* (24 N. Y., 100).

There is, as already suggested, but one count in the indictment, which is for burglary in the first degree, and the verdict being for an attempt to commit that crime, is, under the authorities named, an acquittal upon all the degrees of burglary charged or of which he could be convicted.

Under the provisions of the statutes and these authorities, therefore, the logical result is that he cannot be tried upon any other charge connected with the transaction than an attempt to commit burglary in the first degree, of which he was convicted. He can be tried again for that same offense, but under this indictment and the proof, as already demonstrated, he could not be convicted of an attempt to commit burglary in the first degree. To recapitulate, he has been indicted for burglary in the first degree, he has been acquitted of burglary in all the degrees and he has been found guilty of an attempt to commit burglary in the first degree, which the

evidence does not sustain. Under the provisions of the statute he cannot be tried again for any offense of a higher grade. He can only be tried again for the same offense, which would be for an attempt to commit burglary in the first degree; and the evidence in this case sustains the proposition that he could not be convicted of that offense, because he was guilty of burglary in the second degree. Hence his discharge seems inevitable.

The judgment should therefore be reversed and an order entered discharging him.

Ordered accordingly.

DAVIS, P. J.:

I agree to the reversal of the judgment, but not to the discharge of the prisoner. I think a new trial should be ordered. Upon the reversal and *venire de novo* or error brought by the prisoner the case stands precisely as though no trial had ever been had. The prisoner has in legal contemplation been neither convicted nor acquitted of any degree of burglary. On his new trial he can be convicted of any offense lawfully embraced within the indictment, and all that has taken place on the former trial goes for nothing, either for or against him.

I am not able to agree to the conclusion of BRADY, J., that the prisoner must be discharged absolutely.

DANIELS, J.:

I agree that the conviction must be reversed, but it is not so clear that the prisoner cannot again be tried as to justify a direction for his discharge. A new trial should accordingly be ordered.

Judgment reversed, new trial ordered.