EDGAR WEEKS AND EDWIN F. CONELY v. THE WAYNE
CIRCUIT JUDGES.

*Attorney and client—Agreement for compensation from judgment
obtained—Discharge of judgment by plaintiff.*

1. An agreement between attorneys and their client that they are
to be paid for their services rendered in the prosecution of a
suit, and reimbursed for moneys advanced, from the proceeds
of the judgment which should be obtained, operates as an
assignment of the judgment to the attorneys to the extent of
such claims, and until the same are paid the plaintiff can
give no valid discharge of the judgment.

2. The rule that courts look with favor upon a compromise and
settlement made by the parties to a suit, to prevent the vexa-
tion and expense of further litigation, only applies where all
of the rights and interests of all of the parties concerned, both
legal and equitable, have been respected, and in good faith
observed.

*Mandamus.* Submitted July 10, 1888.    Granted Janu-
ary 14, 1889.

Relators apply for a *mandamus* requiring respondents
to vacate an order discharging a suit and setting aside
the judgment taken therein.    The facts are stated in the
opinion.

*Edwin F. Conely,* for relators.

*C. P. Black,* for respondents.

PER CURIAM.    The relators were attorneys for George
W. Ayres, who obtained a judgment of $2,500 against the
Detroit Free Press Company in an action for libel which
they prosecuted for Ayres in the Wayne circuit court.

Ayres was poor, and when he commenced his suit and
retained his attorneys he made an agreement with them

by which they were to be paid a reasonable compensation for their services and disbursements made in prosecuting the suit from the proceeds of the judgment which should be obtained; and it is stated in the affidavits of the relators that this arrangement was known to the defendant, and which is not denied in any affidavit on the part of defendant accompanying the return of respondents.    It is further shown that the defendant in the libel suit, without the knowledge of the attorneys for either party, and without the consent of relators, or they having received their pay for their services and disbursements in said suit, settled said suit with the plaintiff, and obtained his receipt in full for said judgment, and upon settlement took the order of the court setting aside said judgment, and dismissing the plaintiff's case.

Relators now move for a *mandamus* requiring respondents to vacate said order discharging said suit, and that the order setting aside said judgment be modified in such manner as to secure the rights and interests of relators therein under their said agreement with the plaintiff in said suit.

*Held*, that relators are entitled to have the relief they ask against the action taken by the circuit judge in the premises, and that the order entered should be modified as prayed in the petition; that the arrangement made by relators with Ayres to be reimbursed for moneys advanced by them, and for pay for their services in prosecuting the suit, from the proceeds of the judgment which should be obtained in the case, operated as an assignment of the judgment to relators to the extent of those claims, and until they had received their pay the plaintiff could give no valid discharge of the judgment.  *Kinney v. Tabor,* 62 Mich. 517 (29 N. W. Rep. 86, 512); *Potter v. Hunt,* 68 Id. 242 (36 N. W. Rep. 58); *Wells v. Elsam,* 40 Id.

73 MICH 17.

218; *Andrews v. Morse*, 31 Amer. Dec. 752, and notes; Weeks, Attys. § 369; *Hutchinson v. Howard*, 15 Vt. 544.

That it is true courts as a rule look with favor upon a compromise and settlement made by the parties to a suit with the consent of all persons concerned, to prevent the vexation and expense of further litigation; but the rule only applies where the rights and interests of all the parties concerned, both legal and equitable, have all been respected, and in good faith observed. Parties cannot assume that attorneys have no rights, without inquiry.

The present does not disclose such a case, and the writ prayed for must be granted.