(35 Misc. Rep. 571.)

### McKAY v. MORRIS et al.

(Supreme Court, Special Term, Saratoga County.   July, 1901.)

ATTORNEY'S LIEN—ENFORCEMENT.
    Where plaintiff is responsible, and of his own motion consents to discontinue the action before trial, and without costs, his attorney cannot procure the order of discontinuance to be set aside merely because it made no provision for costs,

Action by Alexander McKay against Harold S. Morris and another.   Motion by attorney for client to set aside an order granted on a stipulation because not providing for costs.   Denied.

James F. Swanick, for plaintiff.
Kronfeld & Harris, for defendants.

HOUGHTON, J.   The plaintiff brought action against the defendant, through James F. Swanick, his attorney.   Subsequently, McKay settled with the defendants, and signed a stipulation discontinuing the action, without costs.   The attorney, in his own behalf, makes a motion to set aside the order granted on that stipulation, on the ground that it did not provide for his costs.   The action had never been tried, issue having only been joined at the time of the settlement.

While the order discontinuing the action may have been irregular, because the plaintiff's attorney had not signed the same, yet I do not think it can now be set aside, on motion of the attorney alone, under the facts here existing.   The attorney had a lien upon the cause of action of his client, but there is no evidence that the release and settlement was in fraud of the attorney, or that the settlement would deprive him of his costs, because his client is entirely responsible. The lien which the law gives the attorney is simply for his protection, and when the courts allow an action to be prosecuted for the purpose of the attorney securing his costs, it is because the client is irresponsible, and there is no other manner in which the attorney can be protected in the lien which he had.   Roberts v. Doty, 31 Hun, 128; Quinlan v. Birge, 43 Hun, 483; Poole v. Belcha, 131 N. Y. 200, 30 N. E. 53.   No such state of facts are shown by the papers on this motion as requires the intervention of the court to protect the plaintiff's attorney for the services which he may have rendered to the plaintiff, because the plaintiff is responsible, and there is no evidence that the settlement was made collusively for the purpose of defrauding the attorney of his compensation.   The motion must be denied, but, under the circumstances, without costs.

Motion denied, without costs.