## KERN v. CHICAGO, M. & P. S. RY. CO.

### (District Court, W. D. Washington, S. D. December 31, 1912.)

### No. 1,224.

1. ATTORNEY AND CLIENT (§ 190*)—COMPENSATION OF ATTORNEY—LIEN—PROCEEDINGS TO PROTECT.

On a motion by attorneys for plaintiff in an action for personal injuries to strike from the answer allegations of a settlement with plaintiff, and of a dismissal by plaintiff, the court will not try, upon conflicting affidavits, either the charge by plaintiff's attorneys of collusion between plaintiff and defendant to deprive the attorneys of their right to compensation, nor the charge by defendant's attorney of champertous conduct of the attorney securing the contract of employment from plaintiff to prosecute the action.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 412–417.; Dec. Dig. § 190.*]

2. COURTS (§ 289*)—UNITED STATES COURTS—JURISDICTION.

In an action by an employé against a railroad engaged in interstate commerce for personal injuries, the objection to the jurisdiction of the federal court that the plaintiff, being a workman on a bridge of defendant's line, his injuries could not affect, hinder, delay, or interfere with interstate commerce, will not be sustained.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 830; Dec. Dig. § 289.*]

3. ATTORNEY AND CLIENT (§ 190*)—COMPENSATION—PROTECTION AGAINST SETTLEMENT—REMEDY.

A motion to strike from the answer, in an action for personal injuries, defenses alleging a settlement between defendant and plaintiff and a statement by plaintiff that he dismissed the action made to protect the rights of plaintiff's attorneys to compensation under their employment by plaintiff, will not be sustained.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 412–417; Dec. Dig. § 190.*]

4. ATTORNEY AND CLIENT (§ 180*)—COMPENSATION OF ATTORNEY—LIEN—NOTICE.

Under Ballinger's Ann. Codes & St. Wash. § 4772, giving an attorney a lien for his compensation on money in the hands of the adverse party from the time of giving notice of the lien to that party, and on a judgment from the time of filing notice of the lien with the clerk of court, the failure of plaintiff's attorneys to give the notice provided for defeats their lien on any money of the plaintiff in the hands of defendant, at least so far as defendant is concerned, notwithstanding a provision in the plaintiff's agreement with his attorneys that the latter should have a lien on the cause of action.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 390–392; Dec. Dig. § 180.*]

5. ATTORNEY AND CLIENT (§ 190*)—AUTHORITY OF ATTORNEY—CONTROL OF LITIGATION.

Under District Court rule 3, providing that whenever a party has appeared by attorney or solicitor he cannot appear or act on his own behalf unless an order of substitution shall first have been made by the court, and rule 4, providing that the attorney or solicitor who has appeared of record shall represent the party and have control of the case, and his au-

thority shall continue till there shall be a substitution of some other person or solicitor of record, attorneys for plaintiff in an action for personal injuries will be permitted to continue the action notwithstanding an allegation in the answer of settlement and dismissal by plaintiff.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 412–417; Dec. Dig. § 190.*]

Action by A. D. Kern against the Chicago, Milwaukee & Puget Sound Railway Company. On motion of plaintiff's attorneys to strike from defendant's answer one of the defenses. Motion denied. Plaintiff's attorneys allowed to continue action, notwithstanding the allegation of settlement.

E. F. Masterson and Boyle, Warburton & Brockway, all of Tacoma, Wash., for plaintiff.
George W. Korte, of Seattle, Wash., for defendant.

CUSHMAN, District Judge. This suit is brought by the plaintiff, a citizen of Washington, against the Chicago, Milwaukee & Puget Sound Railway Company, a Washington corporation, alleged to be engaged in interstate commerce, for injuries received by the plaintiff while returning at night, from his work on a bridge of defendant's line, to a construction camp where the plaintiff and his fellow laborers boarded, upon a hand car furnished by the defendant for that purpose, and which bridge and line were used by the defendant in hauling great quantities of interstate traffic.

The cause is now before the court upon plaintiff's motion to strike from defendant's answer one of the defenses set out therein, in which defense it is alleged that, for a valuable consideration, $4,000, the plaintiff had, since the bringing of the suit, fully released and discharged the defendant from all liability on account of such injuries. A copy of the alleged release is set out, which is as follows:

Chicago, Milwaukee and Puget Sound Railway Company to A. D. Kern,
Bridge Carpenter, Dr.

FMA–2209

1912

Nov. 4th  To this amount paid in full settlement of all claims, demands or causes of action that I now have or may hereafter have growing out of personal injuries sustained by me on or about October 1st, 1912, at Sumner, Wash., as stated below........................................... $4,000.00

"I have this day received of the Chicago, Milwaukee and Puget Sound Railway Company, the sum of four thousand dollars, in full payment of the above account, and in consideration of the payment of said sum of money, I hereby release and forever discharge the said railway company of any and all claims and demands whatsoever, which I now have or may hereafter have on account of personal injuries sustained by me on or about October 1st, 1912, near Sumner, Wn., wherein I was on a hand car with the other men going in from work, when I fell from hand car and the second hand car, which was following very

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

closely, ran over me and I sustained a fracture of the spinal cord, which has resulted in permanent paralysis of the lower limbs and other bruises.
"Additions and Betterments
"Coast Div. Wash.
"In witness whereof, I have hereunto set my hand and seal this 6th day of November, 1912.

"[Signed]                                            A. D. Kern.    [Seal.]
"Witness: J. E. Corlett.
          "F. M. Adams."

It is alleged:

"That, upon executing said release, said plaintiff executed the following further written cancellation or dismissal of the within entitled cause of action, a copy of which is as follows, to wit:

" 'In District Court of the United States for the Northern District of Washington, Southern Division.

" 'A. D. Kern, Plff., v. Chicago, Milwaukee & Puget Sound Railway Company.

" 'No. 1,224.
" 'Dismissal.

" 'To Above Court and All Concerned: Having voluntarily settled all claims I might have against said railway company and never having knowingly authorized commencement of any suit for damages or otherwise, I hereby dismiss said pending action and direct the court or clerk to make proper entry accordingly.                                             A. D. Kern.
" 'Dated this 6 day of November, 1912.
" 'Witness': J. E. Corlett.'

"That, upon the execution and delivery of said release to the said defendant, the plaintiff accepted and retained, and has since retained and now retains, the said sum of $4,000, for the purposes and consideration contained and expressed in said release, as hereinabove set forth. And that said plaintiff herein is barred and estopped from any claim or redress in this action against said defendant."

The court is asked to strike these allegations from the answer, because it is alleged that the settlement pleaded was made without knowledge of the plaintiff's attorneys, to evade paying their fees. The plaintiff's attorneys ask to be permitted to continue the action, notwithstanding the alleged settlement and defense.

The motion is supplemented by affidavits, setting out the employment of an attorney by the plaintiff and the employing by him of other attorneys to assist him. The terms of his employment are contained in the following written agreement:

"This agreement, made and entered into this 26th day October, 1912, between Edwin F. Masterson, attorney at law, of Tacoma, Wash., party of the first part, and A. D. Kern, of Tacoma, Wash., party of the second part, witnesseth:

"That whereas the said party of the second part has retained and does hereby employ and retain, as agent and attorney at law, the said party of the first part, for the purpose of representing the party of the second part as attorney and agent in taking all necessary steps as attorney and agent, in his own name as such, and in the name, place and stead of the party of the second part, should he so elect, to secure to the party of the second part compensation in damages by reason of an injury sustained by the said party of the second part in the following manner, to wit: 'By an injury to his spine, said injury being sustained on the 1st day of October, 1912, at or near the town of Sumner, Pierce county, Wash., and being occasioned by the negligence of the Chicago, Milwaukee and Puget Sound Railway Company.'

"Now, therefore, by reason of said retainer and appointment as agent, and for services performed and to be performed, it is agreed by and between the

said parties of the first part and second part that the said party of the first, part shall be entitled to receive of the moneys and funds or equivalent collect-. ed in any manner growing out of the said cause or action, a sum equal to thirty-three and one-third per cent of the amount received by the second. party.

"It is further agreed that the said second party shall have no right to make settlement or compromise, either directly or through any third person, of said cause of action, without first agreeing with the party of the first part, and protecting said party in his fee.

"It is further agreed that the said first party shall have a lien upon the said cause of action and all money paid by virtue thereof.

"It is further agreed by the second party that the first party shall have the sole and exclusive right to settle and adjust said cause of action, and upon such terms as he deems to be just.

"It is further agreed by the first party, that he will make no compromise or settlement of said cause of action that shall bring to the said second party any sum less than twenty-five hundred dollars, without the further express consent of said second party.

"Witness our hands, this 26th day of Oct., 1912.   A. D. Kern.
"Witnesses: John W. Marvin.                Edwin F. Masterson."
                                        "I accept this agreement.
                                          "E. F. Masterson."

This suit was begun by service of process on the defendant October 30, 1912. The affidavits presented by the attorneys for the plaintiff set out that on November 1st these attorneys went to the hospital where plaintiff was being cared for, and plaintiff informed them that he did not want to go further with the suit, giving no reason why he wanted it dismissed; that on November 6, 1912, there was served upon plaintiff's attorneys a notice, of which the following is a copy:

"To E. F. Masterson, Boyle, Warburton & Brockway, Attys.

"Tacoma, Wash.

"Gentlemen: You are hereby notified that the pretended contract you procured or claimed to procure from me was so obtained under misrepresentations and misunderstanding on my part and I now repudiate the same and declare it of no longer force and effect and you are directed to take no further steps in my behalf in any respect. Further you are directed to dismiss or discontinue the above-entitled action.

"Dated this 6 day of Nov. 1912.                'A. D. Kern."

All misrepresentations on the part of plaintiff's attorneys and any misunderstanding on the part of the plaintiff concerning the agreement, is denied. It is alleged that the above notice to dismiss was procured from the plaintiff by undue influence. It is further charged that there was collusion in the settlement between the plaintiff and the defendant for the purpose of defrauding plaintiff's attorneys of their fees; that, on November 9th, plaintiff's attorneys informed one of the attorneys subsequently appearing for the defendant that their contract of employment by the plaintiff was such as to prevent any settlement by the plaintiff alone and, if made, would be resisted by the attorneys. It is alleged that the defendant knew of the terms of their employment at the time of defendant's making the settlement with plaintiff.

Defendant objects to the consideration of plaintiff's motion because:

"(1) This court has no jurisdiction over the subject-matter or cause of action plead in the complaint.

"(2) The court has no jurisdiction to entertain the motion to strike, because

at the time said motion was served and filed there was no cause of action pending to which said motion could relate.

"(3) The said motion, on its face, fails to show this court has jurisdiction to entertain whatever is prayed for therein."

Defendant has also filed a number of affidavits in reply to those filed by plaintiff's attorneys. In these affidavits all knowledge of the terms of employment of the plaintiff's attorneys is denied. It is set out that the settlement with plaintiff was made by the claim agent of the defendant and not by its solicitor; that the settlement was made before plaintiff's attorney informed the attorney subsequently appearing for the defendant of the terms of his employment; that, at the time of receiving this information, this attorney had not been retained by the defendant; that his employment by the defendant was not a general one, but from time to time in particular cases; that no notice of an attorney's lien was ever served upon the defendant, and no knowledge of the contract of employment, above set out, was obtained by the defendant until November 15th.

Among the affidavits filed by the defendant are one by its claim agent and one by the plaintiff. In both of which it is averred that, before the settlement, the plaintiff told the claim agent that he had directed his attorneys to dismiss his case against the defendant.

[1] The court will not undertake, upon affidavits, to try either the charge made by the plaintiff's attorneys of collusion between the plaintiff and the defendant, or the charge made by defendant's attorney of champertous conduct on the part of the attorney securing the contract of employment from the plaintiff.

Rules 3 and 4 of this court provide:

"Rule 3. No Appearance in Person After Appearance by Attorney or Solicitor.—Whenever a party has appeared by attorney or solicitor, he cannot thereafter appear or act on his own behalf in the cause, or take any step therein, unless an order of substitution shall first have been made by the court, after notice to the attorney or solicitor of such party, and to the opposite party; provided, that the court may in its discretion hear a party in open court, notwithstanding the fact that he has appeared, or is represented by attorney or solicitor.

"Rule 4. Attorney or Solicitor of Record to Have Control of Cause.—The attorney or solicitor who has appeared of record for any party shall represent such party in the cause, whether at law or in equity, and shall be recognized by the court and by all the parties to the cause as having control of his client's case in all proper ways, and shall, as such attorney or solicitor sign all papers which are to be signed on behalf of his client; and all papers affecting or relating to his client, and which require service, shall be served upon him, except such papers as are required by law to be served on his client personally. * * * The authority of attorneys and solicitors of record shall continue until there shall be a substitution of some other attorney or solicitor of record, except as herein otherwise expressly provided and shall continue after final judgment for all proper purposes."

The statute of the state of Washington provides:

"An attorney has a lien for his compensation, whether specially agreed upon or implied, as hereinafter provided: * * *. (3) Upon money in the hands of the adverse party in an action or proceeding, in which the attorney was employed, from the time of giving notice of the lien to that party; (4) Upon a judgment to the extent of the value of any services performed by him in the action, or if the services were rendered under a special agreement, for the

sum due under such agreement, from the time of filing notice of such lien or claim with the clerk of the court in which such judgment is entered, which notice must be filed with the papers in the action in which such judgment was rendered, and an entry made in the execution docket, showing name of claimant, amount claimed and date of filing notice." Section 3194, Pierce's Code; 2 Ballinger's Ann. Codes & St. § 4772.

[2] The court's jurisdiction over this action and motion is challenged by defendant on the ground that, the plaintiff being a workman on a bridge of this defendant's line, his injuries could not affect, hinder, delay, or interfere with interstate commerce carried on over the line. Lamphere v. O. R. & N. Co. (C. C. A.) 196 Fed. 336.

Whether plaintiff's injuries would have such effect is one of the facts to be determined in the trial of the case, and, until its determination, the court's jurisdiction is complete under the allegations of the complaint. The defendant's objection in this particular is overruled.

[3] In support of their motion, plaintiff's attorneys have cited Lipscomb v. Adams, 193 Mo. 530, 91 S. W. 1046, 112 Am. St. Rep. 500; Weeks v. Wayne Circuit Judges, 73 Mich. 256, 41 N. W. 269; Howard v. Town of Osceola, 22 Wis. 453; Miedreich v. Rank, 40 Ind. App. 393, 82 N. E. 117; Potter v. Ajax Mining Co., 19 Utah, 421, 57 Pac. 270.

In Lipscomb v. Adams, 193 Mo. 530, 91 S. W. 1046, 112 Am. St. Rep. 500, the suit was to recover certain lands, half of which plaintiff's attorneys were to receive for their services. This agreement was enforced in an action brought for that purpose.

In Weeks v. Wayne Circuit Judges, 73 Mich. 256, 41 N. W. 269, it is said, "Parties cannot assume that attorneys have no rights without inquiry"; but that was a suit brought to have set aside the satisfaction of a judgment, in the suing for which it was shown that the defendant knew that plaintiff's attorneys were, by agreement with plaintiff, to be paid a reasonable compensation from the proceeds of the judgment. There was no denial of knowledge upon defendant's part, and it was held an equitable assignment of the judgment to the extent of the attorneys' claims.

In Howard v. Town of Osceola, 22 Wis. 453, there is language used which, if taken by itself, supports the motion to strike; but the facts in the case were that the suit was one upon a town warrant or order which "was given to the attorney of the plaintiff at the commencement of the action and has remained in his possession ever since." In that connection it is said, "And we have no doubt that he has a lien for compensation upon the order." The judgment of discontinuance therein involved was made upon plaintiff's personal application, after her attorney had begun suit.

In Miedreich v. Rank, 40 Ind. App. 393, 82 N. E. 117, suit had been brought upon a contract—a life insurance policy. Defendant had appeared and answered. Thereafter the attorneys for defendant brought into court and filed a paper signed by the plaintiff, directing the dismissal of the action. Plaintiff's attorneys objected to the dismissal of the action and asked leave to prosecute the suit to final judgment.

The objection was overruled, defendant's motion to dismiss sustained, and judgment given for defendant. It was held that the suit should not have been dismissed, but the settlement pleaded in bar; that the attorney has a lien for his fees upon the judgment he obtains, but ordinarily he acquires no lien until the judgment is obtained.

Potter v. Ajax Mining Co., 19 Utah, 421, 57 Pac. 270, was a case in which suit was brought on account of personal injuries. There was a written agreement between the plaintiff and his attorneys that the latter, for their services, were to receive half of any amount recovered by way of judgment or settlement. After issue joined, while the cause was undetermined, an attorney for a guaranty company, which had secured the defendant against loss on account of such injuries, effected a settlement with the plaintiff, without the knowledge of plaintiff's attorneys. The attorney for the guaranty company secured a judgment of dismissal. On motion of plaintiff's attorneys, this dismissal was set aside. The court held the settlement collusive and allowed the attorneys to conduct the suit to judgment in the name of the client, to determine the amount to which the attorneys were entitled under their contract. The Supreme Court of Utah, while upholding the court's finding as to collusion and the procedure. adopted, reversed the case on another point.

This case was again before the Supreme Court of Utah, 22 Utah, 273, 61 Pac. 999. On the second trial of the case, the lower court did not undertake to decide that there had been collusion in the settlement by the parties to deprive plaintiff's attorneys of their fees, but submitted that question to the jury. In the second opinion, the court admits that part of what was said in its former opinion was obiter dicta, and adds:

"While that decision was a little too broad to come within the decisions of some courts as to attorney's liens on the cause of action for fees and compensation, under the common-law rule, before judgment, yet it is clearly within the rule as applied to the costs of attorneys."

Again:

"We are not unaware of the line of authorities at common law holding that a lien for costs only attaches to the cause of action before judgment and for fees and compensation after judgment."

The defendant, contending against the motion, cites the following authorities: Swanston v. Morning Star Min. Co. (C. C.) 13 Fed. 216; Cline Piano Co. v. Sherwood, 57 Wash. 244, 106 Pac. 742; Courtney v. McGavock, 23 Wis. 619; Coughlin v. Railway Co., 71 N. Y. 443, 27 Am. Rep. 75; Humptulips Driv. Co. v. Cross, 65 Wash. 638, 118 Pac. 827, 37 L. R. A. (N. S.) 226; Hillman v. Hillman, 42 Wash. 596, 85 Pac. 61, 114 Am. St. Rep. 135; McRea v. Warehime, 49 Wash. 196, 94 Pac. 924; Dumowith v. Marks (Sup.) 84 N. Y. Supp. 453; McKay v. Morris, 35 Misc. Rep. 571, 72 N. Y. Supp. 23; Hutchinson v. Pettes, 18 Vt. 614.

It is not necessary to review the latter authorities, as it is clear that the motion to strike will not lie. As shown by the review of the

authorities cited by plaintiff, none of them go as far as the court is asked to go by this motion.

The charges of collusion and fraud in the settlement made by the plaintiff's attorneys and the charges of champerty and maintenance made against plaintiff's counsel by defendant will not be summarily disposed of on affidavits, where the facts are so in dispute, without the aid of cross-examination.

The setting up by the defendant in its answer of plaintiff's motion to dismiss will be treated merely as pleading part of the settlement. Even in the absence of rules 3 and 4, the plaintiff's original motion would only be considered as a pleading—certainly not a mere copy set forth in defendant's pleading.

[4] In the absence of actual fraud on the part of the defendant, the failure to give the notice provided by section 4772, 2 Ballinger's Ann. Codes & St., supra, defeats the lien of plaintiff's attorneys upon any money of the plaintiff in the hands of the defendant, at least so far as the defendant is concerned, despite the terms of plaintiff's agreement with his attorney that the latter should have a lien upon the cause of action.

[5] Under rules of court 3 and 4, supra, attorneys, after suit is begun, have control of the litigation.

The prayer of the motion to be allowed to continue the action, notwithstanding the allegation of settlement, is granted. The scope the issues may take will not be now determined.