Bell, J.
The complaint charges, among other things, as follows *
“First. Plaintiff alleges that at all times mentioned in this complaint this plaintiff was and now is an attorney *90 at law, duly licensed to practice in the State Courts of the State of Colorado.
“Second. Plaintiff further alleges that at the City and County of Denver, State of Colorado,- upon, to wit, the 7th day of August, A. D. 1905, at the special instance and request of. Josephine Behn, one of the defendants herein, said Josephine Behn and this plaintiff made and entered into a verbal contract, in and by which contract said Josephine -Behn employed this plaintiff to render his services as an attorney to recover the sum of Fifty-one Thousand Dollars ($51,000.00) from George M. Houston, one of the defendants herein, upon á certain .cause or causes of action hereinafter set forth. And in said contract said Josephine Behn promised and agreed that this plaintiff should have for his said services one-third of the amount recovered upon said cause or causes of action from the said George M. Houston. And in said contract this plaintiff agreed to render his said services as an attorney in said matter, and for the said consideration and contingent fee of one-third of the amount recovered from the said George M. Houston. And this plaintiff was to have no other fee or compensation for his said services in the matter.
“Third. Plaintiff further alleges thát as security for •this plaintiff’s fees in said matter, as aforesaid, Josephine Behn made, executed and delivered to this plaintiff an assignment in the following words and figures, to wit:
‘Denver, Colo., Aug. 10th, • 1905.
In consideration of services rendered and to be rendered in attempting to enforce payment of a certain claim of Fifty Thousand Dollars’ ($50,000.00) against one George M. Houston, of Colorado Springs, Colo., I hereby sell, assign, transfer and set over to C. F. Miller an undivided one-third interest in and to said claim.
I, C. F. Miller, attorney, agree to render my services in the above matter for the consideration above set forth.
*91 (Signed) Josephine Behn,
C. F. Miller.’
“Fourth- Plaintiff further alleges that he did all things in proper manner as necessary and required of him by the terms of said contract and according to said contract, and at the special instance and request and instructions of said defendant, Josephine Behn, this plaintiff, by issuing and causing summons to be served upon said George M. Houston, and by preparing and filing a certain complaint, duly verified by said Josephine Behn, commenced a certain action for and in behalf of said Josephine Behn against the said George M. Houston to recover the sum of Fifty-one Thousand Dollars ($51,000.00).”
The complaint further charges that the suit referred to therein was commenced in the District Court of what is now the City and County of Denver, for said Josephine Behn, against the defendant in error, George M. Houston, to recover damages in the sum of $51,000.00 for breach of promise to marry her, for seduction under promise of marriage, and for other causes; that while said suit was pending in said court, and after plaintiff in error had served a copy of the summons in said suit upon defendant in error, Houston, together with a copy of a notice of an attorney’s lien claimed by him on all claims of said Josephine Behn against said Houston, growing out of the matters alleged in the complaint filed in said suit, said Behn and Houston conspired together and confederated for the purpose of cheating and defrauding the plaintiff in error of his contingent fee, and in pursuance thereof settled all matters set up in said complaint, and said Behn dismissed said suit upon the payment or promise of payment to her by said Houston of the sum of $10,000.
The instant suit was commenced by the plaintiff in error against said Behn and Houston to recover the sum of $17,000, one-third of the amount claimed by said Behn against Houston in her action against him for damages. *92 After some contests over the pleadings, the issues were formed and the parties, by consent, -went to trial on the merits before the judge without the aid of a jury. During the taking of evidence for the plaintiff in error the following proceedings were had on the part of Houston, the other defendant not having been served:
“George M. Houston, by his counsel, objects to the introduction of any further evidence on the ground that the complaint does not state facts sufficient to constitute a cause of action against the said defendant, George M. Houston, and the court having heard the argument of counsel, and being now fully advised in the premises, doth sustain said objection. And thereupon the defendant,- George M. Houston, moves .the court for judgment on the pleadings, and the court being now fully advised in the premises doth grant said motion.
“And thereupon it is ordered by the court that judgment be entered herein in favor of the defendant, George M. Houston, and let the same be recorded in the judgment book.”'
After'issues are joined and parties have gone to trial, as was done in this case, on a motion for judgment on the pleadings, all of the allegations of the complaint must be taken as true; and if the complaint was defective in form but sufficient in substance to sustain a judgment, then such motion should be. denied. Rice v. Bush et al., 16 Colo., 484.
The right to award a judgment on the pleadings is very •much restricted. Unless there is some admission in the pleading of some fact that renders recovery impossible, or the claim is such that no legal recovery could be had if established by proof, a judgment on the pleadings is not allowable. Where it appears that a cause of action is stated, but in an informal or defective manner that might be perfected by amendment, a judgment on the pleadings is not warranted. Harris v. Harris, 9 Colo. App., 211, 216.
*93 A motion on the pleadings cannot take the place of a general demurrer and preclude amendments. Harris v. Harris, 9 Colo. App., 211, 216, 47 Pac., 841; Mills et al. v. Hart et al., 24 Colo., 505, 52 Pac., 680, 65 Am. St. Rep., 241; Shuler v. Allam, 45 Colo., 372, 376, 101 Pac. 350; Whitehead v. Johnson, 51 Colo., 587, 119 Pac., 472.
When a party moves for judgment on the pleadings he not only, for the purpose of his motion, admits the allegations of his adversary, but also the untruth of all his own allegations that have been denied by his adversary. Idaho Placer M. Co. v. Green, 14 Idaho, 294, 94 Pac., 161.
The practice of proceeding to trial on the merits on defective complaints, then objecting because such complaints do not state facts sufficient to constitute causes of action, is condemned and discouraged by the courts. Mountain Co. v. Lindekugel, 24 Colo. App., 100, 131 Pac., 789.
The defendant in error, Houston, insists that the written assignment set up in the complaint is void because, he says, assignments of causes of action based upon personal torts are not authorized. If we were to concede this, it would be immaterial, as the statement of the verbal agreement, and the work done in pursuance of said agreement, are adequate to entitle the plaintiff in error to a lien upon the cause of action for .the value of his services. It is quite true, at common law, that all torts which are not injuries to property are not generally assignable. Mumford v. Wright, 12 Colo. App., 214, 217, 55 Pac., 744. However, our statute gives to attorneys a lien on all claims and demands in suit and a lien upon all judgments obtained for any fees or balance of fees due or to become due from any client. Vol. 1, p. 125, sec. 293, Mills Ann. Stats., Revised 1912. There is nothing in the statute indicating a purpose of the legislature to exclude causes of action for personal injuries from the lien act. There is every reason why such causes of action should be included therein. Under the recent development of our great factory system, extensive *94 power, transportation, mining and other developments, serious personal injuries and accidental deaths are constantly taking-place among the wage earners and persons of small means. Their suits are generally presented, and necessarily so, for a portion of the amount to be recovered as a contingent fee. Without this privilege it would be most difficult, if nqt impossible, for most of the injured ones, or the relatives of the dead ones, to enjoy the privileges of the courts in collecting damages for such injuries by reason of the lack of necessary means to employ counsel. However, without this statute, we do not understand that the courts, generally in England or America, permitted collusive settlements between plaintiffs and defendants for the purpose of depriving the attorney of the plaintiff of the value of his services, which made such settlement possible. While public policy favors settlements and cessations of litigation, it does not favor them by collusion and fraud upon other vested rights in the subject of the action. In the language of the Supreme Court of Michigan:
“It is true courts as a rule look with favor upon a compromise and settlement made by the parties to a suit with the consent of all parties concerned, to prevent the vexation and expense of further litigation; but the rule only applies where the rights and interests of all the parties concerned, both legal and equitable, have all been respected and in good faith observed.”
Edgar Weeks et al. v. The Wayne Circuit Judges, 73 Mich., 256-258, 41 N. W., 269; Andrews v. Morse, 12 Conn., 444, 31 Am. Dec., 755, note: Weeks, Attys., sec. 369.
In Welsh v. Hole, 1 Doug., 238, Lord Mansfield, in delivering the opinion of the court, said:
“An attorney has a lien on the money recovered by his client, for his bill of costs; if the money come to his hands he may retain it to the amount of the bill. He may stop it in transitu if he can lay hold of it. If he apply to the court, they will prevent its being paid over till his demand is satis *95 fied. I am inclined to go still farther, and to hold that i* the attorney gave notice to the defendant not to pay till his bill should be discharged, a payment by the defendant after such notice would be in his own wrong, and like paying a debt which has been assigned after notice.”
This has now become the law of England by express statute. 23rd and 24th Vict., c. 127, sec. 28; 31 Am. Dec., 756, note.
In Henry Rasquin v. The Knickerbocker Stage Co., 21 How. Pr., 293, 295, the Court of Common Pleas said:
“Where a settlement is privately effected between the parties, with a design of preventing the attorney from. obtaining his costs, the court will, notwithstanding the settlement, allow the attorney to go on and collect the costs in the action that he may thereby secure himself.”
In Richardson v. The Brooklyn C. & N. R. Co., 24 How. Pr., 321, the Supreme Court held that the client could not assign a judgment without the knowledge of his attorney, with a view to defraud him out of his fees for services in the action, appointed a referee to determine the fees due, and gave judgment therefor against the assignee.
Sec. 66 of the New York Code, as amended in 1879, gives an attorney who appears for a party a lien for his fees upon his client’s cause of action, verdict, report and final decision, and the proceeds thereof in whosoever hands they may come, from the commencement of the action until paid or abandoned. The body of the statute is not more sweeping than our own in awarding an attorney’s lien in all actions. The section referred to was before the Superior Court of New York for construction in Francis Whittaker v. The N. Y. & Harlem R. R. Co., 54 Super. Ct., 8, 13, wherein the court stated:
“Nor does section 66 apply only to actions on contract. It gives a lien in every action. This being so, the rule that a personal cause of action founded upon a tort is not as *96 s'ignablé, can no longer be invoked to defeat the legitimate claim of an attorney for which he has a lien.”
Decided February 8, A. D. 1915.
Kehearing denied March 8, A. D. 1915.
Immediately upon the settlement between the client, •Behn, and the defendant in the damage suit, Houston, whereby he paid or agreed to pay her the sum of $10,000, the fees of the plaintiff in error to the amount of one-third of at least the sum paid or agreed upon in settlement became due and payable.
We find that the trial court committed no error in opening the default complained of, as it was a matter within its discretion; and there is no merit in the cross errors assigned.
We think the allegations of the complaint, taken as true, which we must assume under a test upon a general demurrer, or upon a motion for judgment on the pleadings, state a causé of action under our attorney’s lien statute; and that the District Court erred in rendering judgment against the plaintiff in error. Therefore, the judgment of the trial court is hereby reversed, and the cause remanded for further proceedings.

Reversed and remanded.